W. W. ANDERSON, Relator,

v.

W. R. BLALOCK, as Judge of the 93rd Judicial District Court of Hidalgo County, Texas, and Builders Supply, Incorporated, Respondents.

No. 12778.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 27, 1954.

Kelley, Looney, McLean & Littleton, Willard E. Dollahon, Edinburg, for appellant.

Ewers, Cox & Toothaker, McAllen, for appellees.

W. O. MURRAY, Chief Justice.

This is a petition for a writ of mandamus to require Honorable W. R. Blalock, Judge of the 93rd Judicial District in and for Hidalgo County, Texas, to render judgment for relator, as plaintiff below, upon the findings of a jury return, accepted and filed in the trial court in cause No. B–18886, styled W. W. Anderson v. Builders Supply, Incorporated, and now pending in the 93rd District Court.

The cause was filed by relator, W. W. Anderson, against corespondent Builders Supply, Incorporated, seeking to recover damages caused by an alleged breach of expressed and implied warranties as to certain building materials that were sold to relator by corespondent for use in constructing roofs over three rooms that relator was adding on to his home located near Weslaco.

The trial was to a jury and resulted in jury findings favorable to relator. It is not here contended that the findings of the jury were not responsive to the issues submitted, or that such issues were not made by the pleadings, or that such findings are in conflict. After the verdict was returned on March 6, 1954, relator filed his motion for judgment upon the verdict, and corespondent filed a motion to disregard certain findings of the jury and for judgment in his favor, notwithstanding the verdict.

The trial court overruled both of these motions and ordered a mistrial in the following language:

"The Court: Brethren, I think this is one instance where it is going to be the duty of the Court to displease everybody. Both of you have come here with motions for judgment confident that you are entitled to judg-

ment on the verdict of the jury, and you have argued them well, but I think it is going to be the duty of the Court to make every body unhappy. I just don't think this case was well tried—you Brethren have presented your case well, but I don't think the case was well tried by the Court before the jury. And I think if the Court rendered judgment for either side of this case, in the condition it's in now, that within another year or two, you would be right back here before this Court, regardless of which way the Court decides this morning. From that standpoint, I think it is to your interest not to be forced to do that. I think it is the Court's duty to do what appears in law to be its clear duty, and that is to refuse to grant the motions on either side, and simply say that the Court is unable to write a judgment on the verdict before it; under all the circumstances, and declare a mistrial in this case. And that, gentlemen, will be the order of the Court."

No written order was entered on the minutes of the court, but the court did, in open court, render an order overruling both motions before him and declaring a mistrial. This ruling of the court was made on June 16, 1954, some four months ago, and although the trial judge has entered his appearance herein, he has not given the slightest indication that he intends to do otherwise than to overrule both motions and declare a mistrial. We take it that the record sufficiently shows that the trial judge is refusing to proceed to enter judgment either on the verdict of the jury, or notwithstanding such verdict, and has declared a mistrial.

Rule 301, Texas Rules of Civil Procedure, provides in effect that when a verdict has been returned into court it is the duty of the judge to render judgment in keeping with the nature of the case, the pleadings and the verdict, provided, however, that upon motion and reasonable notice the court may render judgment non obstante veredicto, if a directed verdict would have been proper, or he may disregard any special issue jury finding that has no support in the evidence.

In this case a jury verdict on special issues has been returned into court, received and filed. The trial judge had pending before him a motion for judgment on the verdict, and a motion for judgment non obstante veredicto, together with a further request that certain special issues be disregarded. Under such circumstances it was his duty to either grant the motion of the plaintiff below and render judgment in keeping with the verdict of the jury, or it was his duty to overrule the motion for judgment on the verdict and grant the motion of the defendant for judgment notwithstanding the verdict and render judgment for the defendant. He had no authority to overrule both of these motions and declare a mistrial. There was no motion of either party asking him to declare a mistrial, and the reason for declaring a mistrial given by the court, to the effect that he did not think the case was well tried by the court before the jury, was not a proper reason for doing so on his own motion. Art. 1824, Vernon's Ann.Civ. Stats.; American National Insurance Co. v. Sutton, Tex.Civ.App., 130 S.W.2d 441.

Accordingly, relator's petition for a writ of mandamus will issue directing the trial judge to grant relator's motion for judgment on the verdict of the jury and to render judgment accordingly, unless he should find it proper to grant judgment notwithstanding the verdict, in which instance he will render judgment for the defendant below. All of this is without prejudice to the right of the trial court to pass upon any motion for a new trial that may be filed.

The writ of mandamus provided for herein will not issue unless, after a reasonable time, it becomes apparent that the trial judge does not intend to comply with the holdings of this opinion.