Joe ZALTA, Louis I. Farber, and
Albert Lizmi, Relators,

v.

The Honorable Geraldine TENNANT,
Judge of the 113th District Court,
Harris County, Texas, Respondent.

No. 01-90-00313-CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 2, 1990.

Scott Cunningham, Houston, for relators.

Victor Makris, Gregg Dasher and Michael Tomasic, Houston, for respondent.

Before EVANS, C.J., and DUGGAN and MIRABAL, JJ.

## OPINION

PER CURIAM.

Relators, Joe Zalta, Louis I. Farber, and Albert Lizmi, seek leave to file a writ of mandamus ordering the Honorable Geraldine Tennant, Judge of the 113th Judicial District Court, Harris County, Texas, to issue a ruling on relators' motion for partial summary judgment.

In their petition, relators assert that they are "some of the party defendants" in a cause styled, *Marcus Dana, Rafeal Dana and Jaime Dana v. Joe Zalta, et al.*, Cause Number 86-32556, currently pending in the respondent's trial court. They assert that the real parties in interest, Marcus Dana, Rafeal Dana, and Jaime Dana, are the plaintiffs in the action, which, relators assert, arises from a $1,000,000 capital contribution by the plaintiffs to acquire a joint venture interest in a commercial development project known as The I-45 Building. According to relators' petition, the plaintiffs contend that this contribution was made as an investment, subject to state and federal securities laws, and that the defendants guaranteed the return of their investment with interest. Relators attach copies of the plaintiffs' original pleadings, the defendants' first amended answer and counterclaim, and the defendants' motion for a partial summary judgment.

Relators assert that in December 1988, they filed the motion for partial summary judgment "in an attempt to narrow the issues for discovery and trial." Relators allege that the court held a hearing on the motion in January 1989, but to date, the court has not ruled on the motion, despite

their request for a second hearing in November 1989 and later reminders sent to the court. Relators conclude that the "trial judge to date simply has not ruled on the motion and no other adequate remedy exists for relators to obtain a ruling."

 It is clearly a judge's duty to "dispose promptly of the business of the court." Texas Supreme Court, Code of Judicial Conduct, Canon 3, pt. A(7) (1988). As a general rule, however, mandamus is available only when it is conclusively shown that a judge has a clear legal duty to act *and* has refused to do so. *Pope v. Ferguson*, 445 S.W.2d 950, 953–54 (Tex. 1969), *cert. denied*, 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970); *Brosseau v. Harless*, 697 S.W.2d 56,. 58 (Tex.App.–Dallas 1985, orig. proceeding); *Gibson v. Blanton*, 483 S.W.2d 372, 374 (Tex.Civ. App.–Houston [1st Dist.] 1972, orig. proceeding); *Crouch v. Shields*, 385 S.W.2d 580, 583 (Tex.Civ.App.–Dallas 1964, writ ref'd n.r.e.), *cert. denied*, 382 U.S. 907, 86 S.Ct. 232, 15 L.Ed.2d 159 (1965). Mandamus relief is available when the record shows, as a matter of law, that a judge is legally bound to make a *final* ruling in the case and has refused to do so. *Anderson v. Blalock*, 272 S.W.2d 741, 742 (Tex.Civ. App.–San Antonio 1954, orig. proceeding).

Only in rare instances will mandamus issue to control or correct rulings on motions that are merely incidental to the normal trial process, when an adequate remedy by appeal can correct an erroneous ruling. *See State Bar of Texas v. Heard*, 603 S.W.2d 829, 833 (Tex.1980). Moreover, it has been held that mandamus may not be invoked to control interlocutory rulings of the trial court, even though such rulings may be clearly wrong and may result in delay and inconvenience to one of the parties. *See Overton v. City of Austin*, 748 F.2d 941, 958 (5th Cir.1984). A litigant's expense and inconvenience, without more, does not usually establish a basis for the issuance of a mandamus. *See Iley v. Hughes*, 158 Tex. 362, 368, 311 S.W.2d 648, 652 (1958); *Marshall v. Harris*, 764 S.W.2d 34, 35 (Tex.App.–Houston [1st Dist.] 1989, orig. proceeding).

In this case, the record does not clearly and conclusively establish that the trial judge has abused her considerable discretion with respect to ruling on relators' motion for a partial summary judgment. The issues raised by the parties' pleadings and relators' motion present serious and complex issues for the court, which will require careful analysis and deliberate consideration. Even accepting relators' assertions that the trial judge has not responded to their "reminders" about the necessity for a prompt ruling, relators have not shown, as a matter of law, that Judge Tennant abused her discretion by refusing to make a ruling she was legally required to make. Thus, relators' petition does not reflect a prima facie basis for the issuance of writ of mandamus, and we need not consider whether relators have shown the absence of an adequate remedy by appeal.

Relators' motion for leave to file a petition for writ of mandamus is OVERRULED.