### In re AMERICAN MEDIA CONSOLIDATED d/b/a Alice Echo News.

#### No. 04–03–00545–CV.

Court of Appeals of Texas, San Antonio.

Sept. 10, 2003.

James M. McCown, Jeffrey P. Kitner, Jackson Walker, L.L.P., Dallas, R. Michael Appell, Adami, McNeill, Paisley & Appell, Alice, for appellant.

Jaime Omar Garza, Law Office of Jaime Omar Garza, Alice, Adam Poncio, Law Office of Cerda & Poncio, P.C., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, PAUL W. GREEN, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Chief Justice.

The issue presented in this mandamus proceeding is whether the trial court abused its discretion in failing to rule on a motion for summary judgment filed by American Media Consolidated d/b/a Alice Echo–News ("Echo–News") more than two years after the underlying lawsuit was filed and less than one month before the scheduled trial date when the hearing was scheduled after voir dire was completed. Given a trial court's considerable discretion in managing its docket and given that no evidence was presented to show that the trial court refused to rule on the motion for the express purpose of preventing an interlocutory appeal, we hold that the trial court did not abuse its discretion and deny the requested mandamus relief.

### BACKGROUND

Escamilla filed a defamation action against Echo–News on May 1, 2001. Echo–News was served with citation on May 18, 2001.

On March 10, 2003, Escamilla filed a motion for summary judgment. On April 2, 2003, the trial court conducted a hearing on Escamilla's motion.

On June 25, 2003, Echo–News filed its own motion for summary judgment on both traditional and no-evidence grounds. Echo–News's motion was set for a hearing on July 16, 2003. On July 7, 2003, Escamilla filed a supplemental brief with regard to his motion. Escamilla also filed a request that the court consider the previously filed motion as his response to Echo–News's motion.

On July 9, 2003, Escamilla filed an objection to the hearing date on Echo–News's motion. Escamilla asserted that he was not served with a copy of the

motion until June 30, 2003, which was less than 21 days prior to the hearing. Escamilla's objections and requests were set for a hearing on July 15, 2003.

Voir dire was set for July 10, 2003. On July 10, 2003, a jury was selected, sworn, and empaneled.

The court house was closed on July 15 and 16, 2003, due to a hurricane. On July 15, 2003, Echo–News sent a letter to the court administrator, requesting that its motion be reset for July 17, 2003. The court administrator verbally informed Echo–News that the hearing would not be reset and that trial would commence on July 21, 2003, as previously scheduled. Echo–News filed a petition for writ of mandamus requesting that this court order the trial court to hold a hearing and rule on its motion for summary judgment before proceeding to trial.

### DISCUSSION

Mandamus is an extraordinary remedy, available only in limited circumstances. *Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, 305 (Tex.1994). Such a limitation is necessary to preserve orderly trial proceedings and to prevent the constant interruption of the trial process by appellate courts. *Id.* Consistent with this narrow approach to mandamus, the burden of showing an abuse of discretion as well as the inadequacy of a remedy by appeal is placed on the relator. *Id.* This burden is a heavy one. *Id.*

Courts of appeals have the power to compel a trial judge to rule on pending motions. *In re Mission Consol. Ind. Sch. Dist.,* 990 S.W.2d 459, 461 (Tex.App.-Corpus Christi 1999, orig. proceeding [leave denied] ). As a general rule, however, mandamus is available only when it is conclusively shown that a judge has a clear legal duty to act and has refused to do so.

*Zalta v. Tennant,* 789 S.W.2d 432, 433 (Tex.App.-Houston [1st Dist.] 1990, orig. proceeding). A trial court's refusal to rule on a motion for summary judgment within a reasonable time after it is filed and heard may amount to an abuse of discretion, and entitle the complaining party to a writ of mandamus compelling the trial judge to rule. *In re Mission Consol. Ind. Sch. Dist.,* 990 S.W.2d at 461.

Echo–News relies heavily on the holding in *Grant v. Wood,* 916 S.W.2d 42 (Tex. App.-Houston [1st Dist.] 1995, orig. proceeding). *Grant,* however, is factually distinguishable from the instant case. In *Grant,* the underlying lawsuit was filed on August 11, 1993. The motion for summary judgment was filed on March 4, 1994. A supplemental motion was filed on August 22, 1994. The summary judgment hearings were concluded in August of 1995. The case was set for jury trial on January 3, 1996. At a recorded pre-trial conference on December 1, 1995, the trial judge's statements revealed that he "refused to rule on the motion for summary judgment for the express purpose of preventing an interlocutory appeal." 916 S.W.2d at 45. In that case, "[i]t [was] undisputed that the motion for summary judgment was timely filed ... and the movants [had] diligently sought a ruling." *Id.* The court adopted the following abuse-of-discretion standard:

> It is a clear abuse of discretion for a trial court to refuse to rule on a timely submitted motion for summary judgment when the trial court's express purpose in refusing to rule is to preclude the movant from perfecting a statutory interlocutory appeal.

*Id.* Under the facts of that case, the appellate court granted mandamus relief. *Id.* at 46. Similarly, in *In re Mission Consol. Ind. Sch. Dist.,* 990 S.W.2d at 461, mandamus relief was granted after eight months had elapsed from the time a no-evidence

motion for summary judgment was filed, no response was filed, and seven months had elapsed since the trial court's hearing.

The more general rule, however, is set forth in *Zalta v. Tennant,* 789 S.W.2d at 432–33. In that case, the motion for summary judgment was filed in December of 1998, a hearing was held in January of 1989, a second hearing was requested in November of 1989, and additional reminders were sent to the court. The appellate court noted:

> In this case, the record does not clearly and conclusively establish that the trial judge has abused her considerable discretion with respect to ruling on relators' motion for a partial summary judgment. The issues raised by the parties' pleadings and relators' motion present serious and complex issues for the court, which will require careful analysis and deliberate consideration. Even accepting relators' assertions that the trial judge has not responded to their "reminders" about the necessity for a prompt ruling, relators have not shown, as a matter of law, that Judge Tennant abused her discretion by refusing to make a ruling she was legally required to make. Thus, relators' petition does not reflect a prima facie basis for the issuance of writ of mandamus, and we need not consider whether relators have shown the absence of an adequate remedy by appeal.

*Id.* at 433.

This general rule has been further explained by Timothy Patton in *Summary Judgments in Texas,* as follows:

> It is not uncommon for the parties to complex litigation to file motions for summary judgment and responses accompanied by voluminous supporting documentation only to experience a long period of inaction by the trial court. As a practical matter, however, there is no

procedure by which litigants can compel the trial judge to rule on a pending motion for summary judgment. While the Code of Judicial Conduct requires judges to "dispose promptly of the business of the court," the remedy of mandamus is available only when the record conclusively demonstrates that a judge has a clear legal duty to act *and* has refused to do so.

For example, the trial court commits an abuse of discretion, correctable by mandamus, by refusing to rule on a timely submitted motion for summary judgment when the stated purpose for its refusal is to avoid the perfection of an appeal. In all but the most extraordinary circumstances, however, the record will not reflect a refusal by a trial judge to rule on a pending motion for summary judgment, only a failure to rule. In that situation, even though the delay in ruling on the motion causes expense and inconvenience to the litigants, mandamus is not available to compel the trial judge to rule on the pending motion for summary judgment.

TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS § 7.04 (3rd ed.2002).

Parties are not entitled to a hearing on a motion for summary judgment. TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS § 7.01 (3rd ed.2002). The trial court's refusal to re-set a hearing on Echo–News's motion, therefore, does not reflect a refusal to rule.

■ Unlike *Grant*, the record does not expressly reflect that the trial court's stated purpose for failing to rule on Echo–News's motion is to avoid the perfection of an appeal of its interlocutory order. In addition, the motion in *Grant* was filed eighteen months before the trial setting, while the motion in the instant case was filed less than thirty days before trial and was set for hearing after voir dire selection was scheduled to and did occur. Although media defendants are entitled to an interlocutory appeal under section 51.014, they should not be permitted to wait until the 11th hour and usurp the trial court's discretion in managing its docket. *See In re Messervey Trust*, No. 04–00–00700–CV, 2001 WL 55642, at *4 (Tex.App.-San Antonio Jan.24, 2001, orig. proceeding) (denying petition requesting relief from trial court's failure to rule on motion for summary judgment because "the trial court has considerable discretion regarding the time it takes to rule").

As previously noted, the burden on Echo–News to show its entitlement to mandamus relief is a heavy one. *Wittig*, 876 S.W.2d at 305. The very reason for the limited right to mandamus relief; i.e., the preservation of orderly trial proceedings and the prevention of the constant interruption of the trial process by appellate courts, is the reason mandamus relief is not appropriate in this case. In order to be entitled to mandamus relief under the established case law, Echo–News was required to show that the trial court's express purpose in refusing to rule on its motion for summary judgment was to preclude Echo–News from perfecting a statutory interlocutory appeal. Echo–News did not meet this burden.

## CONCLUSION

The petition for writ of mandamus is denied.