NUMBER 13-10-00038-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

COLUMBUS ERIC JOHNSON SR.,                                            Appellant,

 

v.

 

ORANGE RIVER ROYALTIES, L.L.P.,                                                 

PATRICK BEATHARD, AND 

NICHOLAS S. BRESSI,                                                                Appellees.


                                                                                                                             

 

On appeal from the 23rd
District Court

of Wharton County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Justices
Garza, Vela, and Perkes

Memorandum Opinion by
Justice Garza

 

            In this appeal, appellant
Columbus Eric Johnson Sr., appearing pro se, challenges the trial court’s summary
judgment in favor of appellees, Orange River Royalties, L.L.P., Patrick Beathard,
and Nicholas S. Bressi.  Johnson, an inmate at the Mark W. Michael Unit of the Texas
Department of Criminal Justice-Institutional Division, contends that the trial court
erred:  (1) by granting summary judgment because it “never considered any evidence
due to [Johnson] not being allowed to at[t]end any proceedings”; and (2) by denying
Johnson’s motion for continuance.  We affirm.

I. 
Background

            In 2004, Johnson
negotiated with Orange River Royalties, L.L.C. (“ORR”), to sell his oil, gas, and
mineral interests in various lots of land, comprising 2.9540 acres in total, located
in Wharton, Texas.  The deeds serving to transfer Johnson’s interests were filed
in the official records of Wharton County, Texas, in January and February of 2004. 
In May of 2004, ORR discovered that the deeds were defective and needed to be corrected. 
According to appellees, corrected deeds were filed on June 8, 2004.

Subsequently, ORR sued
Johnson, claiming that, despite executing warranties of title prior to the sale,
he did not hold good title to the mineral interests because he had previously sold
the interests to another party.  Appellees assert that, on April 1, 2005, ORR made
an offer of settlement to Johnson.  Under the proposed settlement, Johnson would
grant to ORR all of his mineral interests in various additional Wharton
properties, totaling 5.1625 acres; and, in exchange, ORR would pay Johnson $25,000. 
The proposed settlement also provided that each party would release any and all
claims against the other.  On or around April 11, 2005, Johnson sent a handwritten
letter to Bressi, ORR’s attorney, stating in part that “I will accept the offer.” 
ORR then prepared the paperwork and sent it to Johnson at the Michael Unit.  According
to appellees, Johnson signed a “Complete Release and Settlement” on May 4, 2005,
and executed a deed transferring his mineral interests pursuant to the settlement
agreement.  Upon receiving the executed settlement agreement and deed, Beathard,
ORR’s owner, filed the deed and tendered payment of $25,000 to Johnson.

            Four years
later, in June of 2009, Johnson filed suit against ORR, Beathard and Bressi, asserting
claims of fraud, negligent misrepresentation, and breach of warranty of title in
connection with (1) ORR’s correction of the 2004 deeds and (2) the 2005 settlement. 
On August 6, 2009, appellees filed a motion for traditional and no-evidence summary
judgment.  Attached to the motion was an affidavit executed by Beathard accompanied
by several exhibits, including correspondence between the parties, that substantiate
the version of events relayed by appellees.  In response, Johnson filed objections
and a cross-motion for summary judgment, contending that he is entitled to summary
judgment as a matter of law.  Johnson attached several exhibits to his motion, including
a letter by Bressi acknowledging that the deeds originally filed in January and
February of 2004 contained errors, and discovery responses provided by ORR in the
2005 suit.  The trial court scheduled a hearing on January 19, 2010 on the competing
motions for summary judgment.

On January 11, 2010, Johnson
filed an “affidavit” in which he:  (1) noted that he would be unable to attend the
January 19, 2010 hearing because he is incarcerated; (2) stated that he has “appointed”
his sister and mother to “appear in court at the hearing on his behalf”; and (3)
set forth various questions that he apparently wished his representatives to ask
appellees at the hearing.  Johnson also moved for a continuance.  The trial court
granted appellees’ motion for summary judgment on January 19, 2010.  The record
before this Court contains no ruling on the motion for continuance.  This appeal
followed.[1]

II. 
Discussion

A.        Motion for
Summary Judgment

            For a no-evidence
summary judgment motion to be successful, the party seeking the judgment must
assert that no evidence exists as to one or more of the essential elements of
the non-movant’s claims upon which he would have the burden of proof at trial.  See
Tex. R. Civ. P. 166a(i); Holmstrom
v. Lee, 26 S.W.3d 526, 530 (Tex. App.–Austin 2000, no pet.).  Ultimately,
the burden of producing evidence to defeat a no-evidence motion for summary
judgment is placed upon the non-movant.  See Alaniz v. Hoyt, 105 S.W.3d
330, 344 (Tex. App.–Corpus Christi 2003, no pet.).  When responding to a
no-evidence motion, the non-movant is only required to present evidence that
raises a genuine fact issue on the challenged elements.  See AMS Constr.
Co., Inc. v. Warm Springs Rehab. Found., Inc., 94 S.W.3d 152, 159 (Tex. App.–Corpus
Christi 2002, no pet.) (citing McCombs v. Children's Med. Ctr., 1 S.W.3d
256, 258 (Tex. App.–Texarkana 1999, pet. denied)).

Because a no-evidence
summary judgment is essentially a pre-trial directed verdict, we apply a legal
sufficiency standard of review.  See AMS Constr. Co., 94 S.W.3d at 159; Holmstrom,
26 S.W.3d at 530.  Under such a review, a no-evidence point will be sustained
when the record reveals:

(a) a complete absence of evidence of
a vital fact; (b) the court is barred by rules of law or of evidence from
giving weight to the only evidence offered to prove a vital fact; (c) the
evidence offered to prove a vital fact is no more than a mere scintilla; [or]
(d) the evidence establishes conclusively the opposite of the vital fact.

 

City of Keller v.
Wilson, 168 S.W.3d 802, 810
(Tex. 2005) (citing Robert W. Calvert, “No Evidence” & “Insufficient
Evidence” Points of Error, 38 Tex.
L. Rev. 361, 362-63 (1960)).  In reviewing a trial
court’s summary judgment, “all evidence is to be construed in favor of the
non-movant, to whom every reasonable inference is allowed and on whose behalf
all doubts are resolved.”  Entravision Commc’n Corp. v. Belalcazar, 99
S.W.3d 393, 399 (Tex. App.–Corpus Christi 2003, pet. denied) (citing Alvarez
v. Anesthesiology Assocs., 967 S.W.2d 871, 874 (Tex. App.–Corpus Christi
1998, no pet.))

Here, Johnson
presented no evidence in response to appellees’ motion for summary judgment.  After
more than five months of time within which to conduct discovery, the only
evidence Johnson was able to produce in response to appellees’ motion for summary
judgment was an unsworn document repeating the allegations made in Johnson’s
complaint.  Although an inmate may submit an unsworn
declaration in lieu of a sworn affidavit, see Tex. Civ. Prac. & Rem. Code Ann. § 132.001(a) (Vernon Supp.
2010), such a declaration must be “subscribed by the person making the
declaration as true under penalty of perjury.”  Id. § 132.002(2) (Vernon
2005);[2]
see Bahm v. State, 219 S.W.3d 391, 393-94 (Tex. Crim. App. 2007)
(discussing the statutory requirements of an unsworn declaration).  Johnson’s
response to appellees’ motion for summary judgment, filed on August 20, 2009,
did not contain a declaration that the allegations made therein were true under
penalty of perjury.  Accordingly, the response was insufficient to be
considered an unsworn declaration in lieu of an affidavit under the civil
practice and remedies code.  See Tex.
Civ. Prac. & Rem. Code Ann. § 132.002(2).[3]

Moreover, a mere
pleading or response to a summary judgment motion does not satisfy the burden
of coming forward with sufficient evidence to prevent summary judgment.  Am.
Petrofina v. Allen, 887 S.W.2d 829, 830 (Tex. 1994); see City of Houston
v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); see also Bullock
v. McLean, No. 13-07-00204-CV, 2008 Tex. App. LEXIS 6383, at *9 (Tex.
App.–Corpus Christi Aug. 21, 2008, no pet.) (mem. op.).  Johnson therefore
failed to produce more than a scintilla of probative evidence to raise a
genuine issue of material fact as to any of his claims against appellees.  See City
of Keller, 168 S.W.3d at 810; Jackson, 979 S.W.2d at 70-71.

With respect to
Johnson’s contention that the trial court erred because it “never considered any
evidence due to [Johnson] not being allowed to at[t]end any proceedings,” we
note that a trial court is not required to conduct a hearing on a motion for
summary judgment, and even if such a hearing is held, no oral testimony may be
presented there.  See Tex. R.
Civ. P. 166a(c) (“No oral testimony shall be received at the hearing.”);
Martin v. Martin, Martin & Richards, Inc., 989 S.W.2d 357, 359 (Tex.
1998) (“An oral hearing on a motion for summary judgment may be helpful to the
parties and the court, just as oral argument is often helpful on appeal, but
since oral testimony cannot be adduced in support of or opposition to a motion
for summary judgment, an oral hearing is not mandatory.”); In re Am. Media
Consol., 121 S.W.3d 70, 74 (Tex. App.–San Antonio 2003, orig. proceeding).

We conclude that the
trial court did not abuse its discretion by granting appellees’ motion for
no-evidence summary judgment without holding a hearing.  Johnson’s first issue
is overruled.[4]

B.        Motion for
Continuance

            By his
second issue, Johnson argues that the trial court erred in not granting his
motion to continue the hearing set for January 19, 2010.  Johnson’s motion,
filed on January 12, 2010, argued that a continuance was warranted because he
is incarcerated and “to ensure that his appointee[]s will be available to
attend the hearing.”

The granting or
denial of a motion for continuance is within the trial court’s sound
discretion.  State v. Wood Oil Distrib., Inc., 751 S.W.2d 863, 865 (Tex.
1988).  The exercise of such discretion will not be disturbed on appeal unless
the record discloses a clear abuse of discretion.  Id.  Texas Rule of
Civil Procedure 251 provides that a motion for continuance cannot be granted “except
for sufficient cause supported by affidavit, or by consent of the parties, or
by operation of law.”  Tex. R. Civ. P.
251.  Johnson appears to argue that his inability to be present at the January
19, 2010 hearing warranted a continuance.  However, a trial court is not
required to grant a motion for continuance just because a party is unable to be
present at trial.  See, e.g., Ngo v. Ngo, 133 S.W.3d 688, 693
(Tex. App.–Corpus Christi 2003, no pet.).  Moreover, as noted, a trial court is
not required to hold a live hearing on a motion for summary judgment.  See
Tex. R. Civ. P. 166a(c). 
Instead, the trial court is empowered to rule on the summary judgment motion on
submission, without hearing argument.  See Martin, 989 S.W.2d at 359. 
Accordingly, even if the trial court erred by declining to grant Johnson’s
requested continuance, such error would not be reversible.  See Tex. R. App. P. 44.1(a) (providing that
no error is reversible unless it (1) probably caused the rendition of an
improper verdict, or (2) probably prevented the appellant from properly
presenting the case to the court of appeals).  We overrule Johnson’s second
issue.

III. 
Conclusion

            The
judgment of the trial court is affirmed.

 

DORI CONTRERAS GARZA

Justice

 

Delivered
and filed the

10th
day of March, 2011.









[1]
Johnson filed his original appellant’s brief on June 14, 2010.  On November 16,
2010, we struck the brief for failure to comply with the appellate rules, see
Tex. R. App. P. 38.1, and abated the
appeal to allow Johnson to redraw the brief.  Johnson filed a handwritten substitute
brief on February 3, 2010.  Appellees subsequently moved to dismiss the appeal
or affirm the trial court’s judgment, contending that Johnson’s substitute brief
also fails to comply with the applicable rules.  See, e.g., Mansfield State Bank
v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978) (“Litigants who
represent themselves must comply with the applicable procedural rules, or else they
would be given an unfair advantage over litigants represented by counsel.”).  We
find that Johnson’s substitute brief, though far from exemplary, addresses the shortcomings
identified by this Court in our November 16, 2010 order.  Accordingly, appellees’
motion to dismiss the appeal or to affirm the trial court’s judgment is DENIED.

 

Appellees also moved, in the alternative, for an
extension of time to file a supplemental appellees’ brief responsive to
Johnson’s substitute brief.  Because we find that appellees’ initial brief
adequately addresses the issues raised by Johnson in his substitute brief, we
find that any supplemental briefing is unnecessary.  Accordingly, appellees’
motion for extension of time to file a supplemental brief is also DENIED.





[2]
Section 132.001(a) of the civil practices and remedies code provides that:

 

Except as provided
by Subsection (b), an unsworn declaration made as provided by this chapter by
an inmate in the Texas Department of Corrections or in a county jail may be
used in lieu of a written sworn declaration, verification, certification, oath,
or affidavit required by statute or required by a rule, order, or requirement
adopted as provided by law.

 

Tex. Civ. Prac. & Rem. Code Ann. § 132.001(a) (Vernon 2005).
 Section 132.002 states that “[a]n unsworn declaration made
under this chapter must be:  (1) in writing; and (2) subscribed by the person
making the declaration as true under penalty of perjury.”  Id. § 132.002
(Vernon 2005).

 





[3]
Johnson’s “affidavit” filed on January 11, 2010 did contain a declaration in
compliance with section 132.002.  See id.  However, the document merely
set forth questions that Johnson requested to be asked of appellees at the
summary judgment hearing; it did not set forth any allegations that would raise
a genuine issue of material fact as to Johnson’s claims.





[4]
Because we find that the trial court did not err by granting appellees’ motion
for summary judgment on no-evidence grounds, see Tex. R. Civ. P. 166a(i), we need not address whether
appellees’ traditional motion for summary judgment was also meritorious.  See
Tex. R. App. P. 47.4.