

## NUMBER 13-10-00038-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

COLUMBUS ERIC JOHNSON SR.,                                    **Appellant,**

**v.**

ORANGE RIVER ROYALTIES, L.L.P.,
PATRICK BEATHARD, AND
NICHOLAS S. BRESSI,                                    **Appellees.**

### On appeal from the 23rd District Court
### of Wharton County, Texas.

## MEMORANDUM OPINION

### Before Justices Garza, Vela, and Perkes
### Memorandum Opinion by Justice Garza

In this appeal, appellant Columbus Eric Johnson Sr., appearing pro se, challenges the trial court's summary judgment in favor of appellees, Orange River Royalties, L.L.P., Patrick Beathard, and Nicholas S. Bressi. Johnson, an inmate at the Mark W. Michael Unit of the Texas Department of Criminal Justice-Institutional Division,

contends that the trial court erred: (1) by granting summary judgment because it "never considered any evidence due to [Johnson] not being allowed to at[t]end any proceedings"; and (2) by denying Johnson's motion for continuance. We affirm.

## I. BACKGROUND

In 2004, Johnson negotiated with Orange River Royalties, L.L.C. ("ORR"), to sell his oil, gas, and mineral interests in various lots of land, comprising 2.9540 acres in total, located in Wharton, Texas. The deeds serving to transfer Johnson's interests were filed in the official records of Wharton County, Texas, in January and February of 2004. In May of 2004, ORR discovered that the deeds were defective and needed to be corrected. According to appellees, corrected deeds were filed on June 8, 2004.

Subsequently, ORR sued Johnson, claiming that, despite executing warranties of title prior to the sale, he did not hold good title to the mineral interests because he had previously sold the interests to another party. Appellees assert that, on April 1, 2005, ORR made an offer of settlement to Johnson. Under the proposed settlement, Johnson would grant to ORR all of his mineral interests in various additional Wharton properties, totaling 5.1625 acres; and, in exchange, ORR would pay Johnson $25,000. The proposed settlement also provided that each party would release any and all claims against the other. On or around April 11, 2005, Johnson sent a handwritten letter to Bressi, ORR's attorney, stating in part that "I will accept the offer." ORR then prepared the paperwork and sent it to Johnson at the Michael Unit. According to appellees, Johnson signed a "Complete Release and Settlement" on May 4, 2005, and executed a deed transferring his mineral interests pursuant to the settlement agreement. Upon receiving the executed settlement agreement and deed, Beathard, ORR's owner, filed

2

the deed and tendered payment of $25,000 to Johnson.

Four years later, in June of 2009, Johnson filed suit against ORR, Beathard and Bressi, asserting claims of fraud, negligent misrepresentation, and breach of warranty of title in connection with (1) ORR's correction of the 2004 deeds and (2) the 2005 settlement. On August 6, 2009, appellees filed a motion for traditional and no-evidence summary judgment. Attached to the motion was an affidavit executed by Beathard accompanied by several exhibits, including correspondence between the parties, that substantiate the version of events relayed by appellees. In response, Johnson filed objections and a cross-motion for summary judgment, contending that he is entitled to summary judgment as a matter of law. Johnson attached several exhibits to his motion, including a letter by Bressi acknowledging that the deeds originally filed in January and February of 2004 contained errors, and discovery responses provided by ORR in the 2005 suit. The trial court scheduled a hearing on January 19, 2010 on the competing motions for summary judgment.

On January 11, 2010, Johnson filed an "affidavit" in which he: (1) noted that he would be unable to attend the January 19, 2010 hearing because he is incarcerated; (2) stated that he has "appointed" his sister and mother to "appear in court at the hearing on his behalf"; and (3) set forth various questions that he apparently wished his representatives to ask appellees at the hearing. Johnson also moved for a continuance. The trial court granted appellees' motion for summary judgment on January 19, 2010. The record before this Court contains no ruling on the motion for continuance. This appeal followed.[1]

---

[1] Johnson filed his original appellant's brief on June 14, 2010. On November 16, 2010, we struck the brief for failure to comply with the appellate rules, see TEX. R. APP. P. 38.1, and abated the appeal to

3

## II. DISCUSSION

### A.  Motion for Summary Judgment

For a no-evidence summary judgment motion to be successful, the party seeking the judgment must assert that no evidence exists as to one or more of the essential elements of the non-movant's claims upon which he would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.–Austin 2000, no pet.). Ultimately, the burden of producing evidence to defeat a no-evidence motion for summary judgment is placed upon the non-movant. *See Alaniz v. Hoyt*, 105 S.W.3d 330, 344 (Tex. App.–Corpus Christi 2003, no pet.). When responding to a no-evidence motion, the non-movant is only required to present evidence that raises a genuine fact issue on the challenged elements. S*ee AMS Constr. Co., Inc. v. Warm Springs Rehab. Found., Inc.*, 94 S.W.3d 152, 159 (Tex. App.–Corpus Christi 2002, no pet.) (citing *McCombs v. Children's Med. Ctr.*, 1 S.W.3d 256, 258 (Tex. App.–Texarkana 1999, pet. denied)).

Because a no-evidence summary judgment is essentially a pre-trial directed verdict, we apply a legal sufficiency standard of review. *See AMS Constr. Co.*, 94

allow Johnson to redraw the brief. Johnson filed a handwritten substitute brief on February 3, 2010. Appellees subsequently moved to dismiss the appeal or affirm the trial court's judgment, contending that Johnson's substitute brief also fails to comply with the applicable rules. *See, e.g., Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978) ("Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel."). We find that Johnson's substitute brief, though far from exemplary, addresses the shortcomings identified by this Court in our November 16, 2010 order. Accordingly, appellees' motion to dismiss the appeal or to affirm the trial court's judgment is DENIED.

Appellees also moved, in the alternative, for an extension of time to file a supplemental appellees' brief responsive to Johnson's substitute brief. Because we find that appellees' initial brief adequately addresses the issues raised by Johnson in his substitute brief, we find that any supplemental briefing is unnecessary. Accordingly, appellees' motion for extension of time to file a supplemental brief is also DENIED.

4

S.W.3d at 159; *Holmstrom*, 26 S.W.3d at 530. Under such a review, a no-evidence point will be sustained when the record reveals:

> (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; [or] (d) the evidence establishes conclusively the opposite of the vital fact.

*City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005) (citing Robert W. Calvert, *"No Evidence" & "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361, 362-63 (1960)). In reviewing a trial court's summary judgment, "all evidence is to be construed in favor of the non-movant, to whom every reasonable inference is allowed and on whose behalf all doubts are resolved." *Entravision Commc'n Corp. v. Belalcazar*, 99 S.W.3d 393, 399 (Tex. App.–Corpus Christi 2003, pet. denied) (citing *Alvarez v. Anesthesiology Assocs.*, 967 S.W.2d 871, 874 (Tex. App.–Corpus Christi 1998, no pet.))

Here, Johnson presented no evidence in response to appellees' motion for summary judgment. After more than five months of time within which to conduct discovery, the only evidence Johnson was able to produce in response to appellees' motion for summary judgment was an unsworn document repeating the allegations made in Johnson's complaint. Although an inmate may submit an unsworn declaration in lieu of a sworn affidavit, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a) (Vernon Supp. 2010), such a declaration must be "subscribed by the person making the declaration as true under penalty of perjury." *Id.* § 132.002(2) (Vernon 2005);[2] *see*

---

[2] Section 132.001(a) of the civil practices and remedies code provides that:

> Except as provided by Subsection (b), an unsworn declaration made as provided by this chapter by an inmate in the Texas Department of Corrections or in a county jail may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law.

*Bahm v. State*, 219 S.W.3d 391, 393-94 (Tex. Crim. App. 2007) (discussing the statutory requirements of an unsworn declaration). Johnson's response to appellees' motion for summary judgment, filed on August 20, 2009, did not contain a declaration that the allegations made therein were true under penalty of perjury. Accordingly, the response was insufficient to be considered an unsworn declaration in lieu of an affidavit under the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.002(2).[3]

Moreover, a mere pleading or response to a summary judgment motion does not satisfy the burden of coming forward with sufficient evidence to prevent summary judgment. *Am. Petrofina v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994); *see City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *see also Bullock v. McLean*, No. 13-07-00204-CV, 2008 Tex. App. LEXIS 6383, at *9 (Tex. App.–Corpus Christi Aug. 21, 2008, no pet.) (mem. op.). Johnson therefore failed to produce more than a scintilla of probative evidence to raise a genuine issue of material fact as to any of his claims against appellees. See *City of Keller*, 168 S.W.3d at 810; *Jackson*, 979 S.W.2d at 70-71.

With respect to Johnson's contention that the trial court erred because it "never considered any evidence due to [Johnson] not being allowed to at[t]end any proceedings," we note that a trial court is not required to conduct a hearing on a motion

---

TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a) (Vernon 2005). Section 132.002 states that "[a]n unsworn declaration made under this chapter must be: (1) in writing; and (2) subscribed by the person making the declaration as true under penalty of perjury." *Id.* § 132.002 (Vernon 2005).

[3] Johnson's "affidavit" filed on January 11, 2010 did contain a declaration in compliance with section 132.002. *See id.* However, the document merely set forth questions that Johnson requested to be asked of appellees at the summary judgment hearing; it did not set forth any allegations that would raise a genuine issue of material fact as to Johnson's claims.

for summary judgment, and even if such a hearing is held, no oral testimony may be presented there. *See* TEX. R. CIV. P. 166a(c) ("No oral testimony shall be received at the hearing."); *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) ("An oral hearing on a motion for summary judgment may be helpful to the parties and the court, just as oral argument is often helpful on appeal, but since oral testimony cannot be adduced in support of or opposition to a motion for summary judgment, an oral hearing is not mandatory."); *In re Am. Media Consol.*, 121 S.W.3d 70, 74 (Tex. App.–San Antonio 2003, orig. proceeding).

We conclude that the trial court did not abuse its discretion by granting appellees' motion for no-evidence summary judgment without holding a hearing. Johnson's first issue is overruled.[4]

## B.   Motion for Continuance

By his second issue, Johnson argues that the trial court erred in not granting his motion to continue the hearing set for January 19, 2010. Johnson's motion, filed on January 12, 2010, argued that a continuance was warranted because he is incarcerated and "to ensure that his appointee[]s will be available to attend the hearing."

The granting or denial of a motion for continuance is within the trial court's sound discretion. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988). The exercise of such discretion will not be disturbed on appeal unless the record discloses a clear abuse of discretion. *Id.* Texas Rule of Civil Procedure 251 provides that a motion for continuance cannot be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. Johnson appears

---

[4] Because we find that the trial court did not err by granting appellees' motion for summary judgment on no-evidence grounds, *see* TEX. R. CIV. P. 166a(i), we need not address whether appellees' traditional motion for summary judgment was also meritorious. *See* TEX. R. APP. P. 47.4.

to argue that his inability to be present at the January 19, 2010 hearing warranted a continuance. However, a trial court is not required to grant a motion for continuance just because a party is unable to be present at trial. *See, e.g., Ngo v. Ngo*, 133 S.W.3d 688, 693 (Tex. App.–Corpus Christi 2003, no pet.). Moreover, as noted, a trial court is not required to hold a live hearing on a motion for summary judgment. *See* TEX. R. CIV. P. 166a(c). Instead, the trial court is empowered to rule on the summary judgment motion on submission, without hearing argument. *See Martin*, 989 S.W.2d at 359. Accordingly, even if the trial court erred by declining to grant Johnson's requested continuance, such error would not be reversible. *See* TEX. R. APP. P. 44.1(a) (providing that no error is reversible unless it (1) probably caused the rendition of an improper verdict, or (2) probably prevented the appellant from properly presenting the case to the court of appeals). We overrule Johnson's second issue.

## III. CONCLUSION

The judgment of the trial court is affirmed.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
10th day of March, 2011.

8