

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-12-00073-CV
_____

### IN RE:
### CARL STORCK AND VICKI STORCK

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

The issue presented in this mandamus proceeding is whether the trial court abused its discretion in failing to rule on a motion for declaratory judgment filed by Carl and Vicki Storck, more than two years after the underlying lawsuit was filed. Because the petition does not reflect a basis for the issuance of the writ of mandamus, we deny the requested mandamus relief.

**Background**

The Storcks, owners of certain lots within the Tres Lagos subdivision, filed their original petition in October 2009, against Tres Lagos Property Owners' Association (the Association), alleging the Association breached certain deed restrictions pertaining to the subdivision as set out in the Association's articles of incorporation and bylaws, and seeking injunctive relief against continued violations.

The Association counterclaimed, alleging that a "deplat" order issued by the Franklin County Commissioner's Court in favor of the Storcks was invalid and seeking a declaratory judgment that the property currently owned by the Storcks remains subject to the original plat restrictions. The litigation was contentious, with various motions on various issues having been filed prior to the Storcks' motion for declaratory judgment. A jury trial has been demanded.

On March 1, 2012, the trial court held a hearing on the motion for declaratory judgment. At the hearing, the Storcks contended that the Association's board of directors was not valid, in light of the fact that no annual member meeting has been held since 2010, and no new board member elections have taken place. The Storcks further maintained that the Association's board

is invalid due to the carry-over of an appointed board member, who was not voted on in 2011.[1] The trial court was asked to rule that the Association's board of directors was invalid and without authority to bring or defend suit.

Counsel for the Association maintained—among other things—that the Storcks presented no evidence in support of their contentions. At the conclusion of the hearing, the trial court took the motion under advisement, noting that all fact issues would be presented to the jury. Thereafter, the trial court indicated it would rule based on what the jury found. The Storcks filed a petition for writ of mandamus requesting that this Court order the trial court to rule on its motion for declaratory judgment before proceeding to trial.

**Analysis**

Mandamus is an extraordinary remedy, available only to correct a clear abuse of discretion or violation of a duty imposed by law when no other adequate remedy by law is available. *In re Ford Motor Co.*, 988 S.W.2d 714, 725 (Tex. 1998) (orig. proceeding). It is the relator's burden to show entitlement to the requested relief. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).

Once a ruling has been requested on a motion pending before the trial court, the trial court is required to consider and rule on a motion within a reasonable period of time. *In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. *Barnes v. State*, 832

---

[1] In their motion for declaratory judgment, the Storcks further contended that "Tres Lagos Property Association, Incorporated currently has no valid Bylaws of the corporation because there are no bylaws recorded with the Franklin County Clerk, as required by Texas Property Code Section 202.006."

3

S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). If a reasonable time has not yet passed, the trial court's failure to rule may not be a clear abuse of discretion. *In re Mission Consol. Indep. Sch. Dist.*, 990 S.W.2d 459, 460–61 (Tex. App.—Corpus Christi 1999, orig. proceeding).

Under the facts of this case, the trial court heard and considered the motion for declaratory judgment. However, the trial court determined that after all fact issues were decided by the jury, then it would rule on the motion. Because no evidence was presented to the trial court in support of the motion, the trial court was within its discretion to determine that a ruling on the motion would not and could not be made until such time as the jury decided all fact issues presented to it.

The scenario presented here is akin to asking this Court to require a trial court to rule on a pending motion for summary judgment. In that scenario, as in this one, the remedy of mandamus is available only when the record conclusively demonstrates that the trial court has a clear legal duty to act and has refused to do so. *See In re Am. Media Consol.*, 121 S.W.3d 70, 74 (Tex. App.—San Antonio 2003, orig. proceeding).

> [T]he trial court commits an abuse of discretion, correctable by mandamus, by refusing to rule on a timely submitted motion for summary judgment when the stated purpose for its refusal is to avoid the perfection of an appeal. In all but the most extraordinary circumstances, however, the record will not reflect a refusal by a trial judge to rule on a pending motion for summary judgment, only a failure to rule. In that situation, even though the delay in ruling on the motion causes expense and inconvenience to the litigants, mandamus is not available to compel the trial judge to rule on the pending motion for summary judgment.

*Id.* (quoting TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS § 7.04 (3rd ed. 2002)).

4

At the time of the hearing, a jury trial was scheduled for April 2012. No doubt this setting was continued. When the case is reset for trial and all fact issues are presented to the jury, the trial court indicated a ruling on the petitioner's motion for declaratory judgment would be forthcoming. Such a procedure is reasonable, under the circumstances. The record does not clearly and conclusively establish that the trial court abused its considerable discretion with respect to ruling on the Storcks' motion for declaratory judgment. Because the petition does not reflect a basis for the issuance of the writ of mandamus, we need not consider whether the Storcks have shown the absence of an adequate remedy by appeal.

We deny the petition for writ of mandamus.


Jack Carter
Justice


Date Submitted:     August 6, 2012
Date Decided:      August 7, 2012