

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-13-00243-CV

IN RE RICKEY LYNN JOHNSON                                    RELATOR

----------

## ORIGINAL PROCEEDING

----------

## MEMORANDUM OPINION[1]

----------

Pro se relator Rickey Lynn Johnson has filed a petition for a writ of mandamus requesting that we require respondent, the Honorable Janelle Haverkamp, the presiding judge of the 235th District Court of Cooke County, to rule on his objections to the clerk and reporter's fees. We conditionally grant relief.

---

[1]See Tex. R. App. P. 47.4.

## Background Facts

On August 17, 2012, Relator pleaded guilty to the criminal charges against him pursuant to a plea bargain.[2] On April 27, 2013, and May 13, 2013, Relator requested a page and cost summary from both the court reporter and the district clerk. The district clerk and court reporter responded with quotes totaling $121. On June 7, 2013, Relator filed his "Objections to Clerk and Reporter's Fees," stating that he was unable to pay the costs because he was indigent. He asked the trial court to determine a reasonable fee and proposed to pay ten cents per page or, in the alternative, to borrow the record for ninety days or to be allowed to view the record in Cooke County jail upon a bench warrant. The trial court has not ruled on his objections.

Relator filed a petition for a writ of mandamus in this court, arguing that the trial court has abused its discretion by not determining a reasonable fee as required by section 52.047(b) of the government code. *See* Tex. Gov't Code Ann. § 52.047(b) (West 2013). The State responded by arguing that the Relator is not indigent as he claims to be and that the proposed fees are reasonable.

## Standard of Review

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re State*, 355 S.W.3d 611, 613 (Tex. 2011) (orig. proceeding). A trial court clearly abuses its discretion when it

---

[2]Neither the Relator nor the Real Party in Interest, the State of Texas, noted what the charges against Relator were.

2

reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Absent extraordinary circumstances, mandamus will not issue unless relator lacks an adequate remedy by appeal. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 210–11 (Tex. 2004) (orig. proceeding) (citing *Walker*, 827 S.W.2d at 839).

A trial court "commits a clear abuse of discretion when it refuses to exercise its discretion to hear and rule on pending motions," and a court of appeals may compel a trial court to rule. *Grant v. Wood*, 916 S.W.2d 42, 45 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding); *see In re Am. Media Consol.*, 121 S.W.3d 70, 72 (Tex. App.—San Antonio 2003, orig. proceeding). The trial court's duty to act on a pending motion arises when the movant has brought the motion to the court's attention and the court has had a reasonable time to rule. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding).

## Discussion

Section 52.047(b) of the government code states that if "an objection is made to the amount of the transcript fee, the judge shall determine a reasonable fee, taking into consideration the difficulty and technicality of the material to be

3

transcribed and any time constraints imposed by the person requesting the transcript." Tex. Gov't Code Ann. § 52.047(b). We have previously held that the unambiguous and plain meaning of this section requires the respondent to rule on Relator's objections. *See In re Slaughter*, No. 02-13-00122-CV, 2013 WL 1960624, at *3 (Tex. App.—Fort Worth May 14, 2013, orig. proceeding) (mem. op.). The arguments in the State's response go only to the merits of Relator's objections, not to the trial court's failure to act. That Relator has waived his right to appeal also does not excuse the trial court's failure to rule. *See id.* at *4 (rejecting the State's argument that the trial court did not abuse its discretion by failing to rule on relator's objections when relator had waived his right to appeal because relator had not waived his right to retrieve records related to his conviction "for use in whatever purpose" or that he had waived his right to seek postconviction relief through applying for a writ of habeas corpus). Because the trial court has not ruled, it has clearly abused its discretion. Relator has no adequate remedy by appeal and is entitled to relief. *See id.*; *see also In re Mitchell*, No. 10-07-00250-CV, 2008 WL 191477, at *1–2 (Tex. App.—Waco Jan. 23, 2008, orig. proceeding) (mem. op.) (granting relator's petition for writ of mandamus when trial court did not rule on relator's motion within a reasonable time).

## Conclusion

Having held that respondent abused her discretion by not ruling on relator's objections to the court reporter's and district clerk's cost estimates and that relator does not have an adequate remedy by appeal from the trial court's refusal to rule, we conditionally grant relator's petition for a writ of mandamus. We order respondent to rule on relator's objections. *See* Tex. Gov't Code Ann. § 52.0047(b). A writ of mandamus will issue only in the event that respondent fails to comply with our instructions within thirty days of the date of this opinion.

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and GARDNER, J.

DELIVERED: August 9, 2013