**Petition for Writ of Mandamus Dismissed in Part and Denied in Part and Opinion filed August 2, 2022.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-22-00492-CR**
**NO. 14-22-00493-CR**
**NO. 14-22-00494-CR**

**IN RE LAVONIE DEMON LAND, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**228th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1633146, 1633147, 1630199**

## MEMORANDUM OPINION

On Thursday, July 7, 2022, relator LaVonie Demon Land filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Frank Aguilar, presiding judge of the 228th District Court of Harris County, to: (1) rule on his application for writ of habeas corpus purportedly mailed to the district

clerk's office in May 2022 and (2) respond to his request for certified copies of respondent's oath office, respondent's delegation of authority, and certain provisions of the Constitution of the United States purportedly requested in February 2022.

**Standard of Review**

To be entitled to mandamus relief, a relator must show (1) the relator has no adequate remedy at law for obtaining the relief sought; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions that are properly filed and pending before the court. *See In re Henry*, 525 S.W.3d 381 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (per curiam). And where a trial court refuses to rule on such a motion, mandamus relief may be appropriate. *See In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). To establish that he is entitled to mandamus relief, relator must show that: (1) the trial court had a legal duty to rule on the motion, (2) relator made a demand for the court to rule on the motion, and (3) the trial court failed or refused to rule on the motion within a reasonable time. *See In re Mendoza*, 467 S.W.3d 76, 78 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding).

### 1. Application for Writ of Habeas Corpus

Relator complains of his application for habeas relief purportedly pending in the trial court. Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. *See* Tex. Code Crim. Proc. Ann. art. 11.07. Even a complaint that the trial court has failed to act or to follow the procedure

established by article 11.07 must be addressed to the Court of Criminal Appeals. *See In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (dismissing mandamus complaining of trial court's failure to respond to a pending application for writ of habeas corpus for lack of jurisdiction). Because this court lacks jurisdiction to consider relator's complaint related to his application for post-conviction habeas corpus relief, we dismiss that portion of relator's mandamus petition for want of jurisdiction.

## 2. Request for Documents

In his petition, relator states "I demanded as my legal foundation for a certified copy/copies of the Exact Provision, Oath of Office, and delegation of Authority, from the 228th court of Harris County, Houston Texas district with a deadline of 30 days in February 2022 [sic]." He also contends that he requested the trial court provide him with a copy of certain provisions of the Constitution of the United States. Relator has not shown that the trial court has a legal duty to rule on these requests, nor are we aware of such a legal duty. Accordingly, we deny this portion of relator's petition for a writ of mandamus. *See Zalta v. Tennant*, 789 S.W.2d 432, 433 (Tex. App.—Houston [1st Dist.] 1990, no writ) (denial of petition for writ of mandamus where trial court had no legal duty to rule on a motion for partial summary judgment); *In re Harberson*, No. 14-15-00760-CR, 14-15-00761-CR, 14-15-00762-CR, 2015 WL 5575760 at *1 (Tex. App.—Houston [14th Dist.] Sept. 22, 2015, orig. proceeding) (mem. op., not designated for publication) (denial of petition for writ of mandamus where relator failed to establish trial court's legal duty to rule on a motion); *In re Wilson*, No. 12-14-00138-CR, 2014 WL 2609721 at *2 (Tex. App.—Tyler June 11, 2014, orig. proceeding) (mem. op., not

designated for publication) (denial of petition for writ of mandamus where trial court had no jurisdiction to rule on motion filed by relator).

## Conclusion

Relator's petition for writ of mandamus is dismissed in part and denied in part.


PER CURIAM

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).