**Lee GRANT; Home Box Office, Inc.; Joseph Feury Productions, Inc.; and Time Warner Entertainment Company, L.P., Relators,**

v.

**The Honorable Sharolyn P. WOOD, Judge of the 127th District Court, Harris County, Texas, Respondent.**

No. 01–95–01482–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 22, 1995.

James R. George, Julie A. Ford, Peter D. Kennedy, Houston, for Appellant.

Diana E. Marshall, Samuel R. Palermo, Charles R. Houssiere, John O'Quinn, T. Gerald Treece, Houston, for Appellees.

Before WILSON, COHEN and HEDGES, JJ.

## OPINION

WILSON, Justice.

This mandamus proceeding focuses on the rights of the electronic or print media under

the First Amendment to the United States Constitution, article I, section 8 of the Texas Constitution, and chapter 73 of the Civil Practice and Remedies Code. We must decide (1) whether the trial court has refused to rule on a motion for summary judgment based on the grounds discussed in Civil Practice and Remedies Code section 51.014(6)[1] for the express purpose of preventing an interlocutory appeal, and if it has, then (2) whether mandamus relief is appropriate. Answering both questions in the affirmative, we conditionally grant the requested mandamus relief.

The underlying suit was brought by Mike Hebert individually and as next friend of his son, Wayne Hebert, against Lee Grant, Home Box Office, Inc., Joseph Feury Productions, Inc., Time Warner Entertainment Company, L.P., Time Warner, Inc., and Randy Burton. *Hebert v. Grant,* No. 93–041705 (190th Dist.Ct., Harris County, Tex., filed Aug. 11, 1993). Hebert sued under theories of false-light privacy, intentional infliction of emotional distress, and defamation for the harm he and his son allegedly suffered as a result of the production and airing of the television documentary *America Under Cover: Women on Trial.* Time Warner Entertainment Company, L.P., Lee Grant, Home Box Office, Inc., and Joseph Feury Productions, Inc. filed a motion for summary judgment on March 4, 1994 based in part on section 73.002 of the Civil Practice and Remedies Code and the federal and state constitutions. U.S. CONST. amend. I; TEX. CONST. art. I, § 8; TEX.CIV.PRAC. & REM.CODE ANN. § 73.002 (Vernon 1986). Time Warner Entertainment Company, L.P., Lee Grant, Home Box Office, Inc., and Joseph Feury Productions, Inc. filed a supplemental motion for summary judgment on August 22, 1994. The trial court conducted hearings on the motions for summary judgment, which concluded in August 1995. The case is set for a jury trial to begin on January 3, 1996.

A pretrial conference was held on December 1, 1995 between Samuel Palermo, counsel for Hebert; James George, counsel for Time Warner Entertainment Company, L.P.; and the Honorable Sharolyn P. Wood:

MR. GEORGE: [I]t's important for us that we get a ruling on the summary judgment that has been pending.

. . . .

... We believe [the remaining issues in the case] are essentially law questions.

THE COURT: And I feel they are fact questions. And so, therefore, I think we are to the point that we are going to try the case. If I thought that the case would go away with a legal ruling, I would do it.

MR. GEORGE: We also believe we are entitled to an interlocutory appeal.

THE COURT: If I denied the summary judgment, you are.

MR. GEORGE: And so we want—

THE COURT: This has been scheduled on my docket for a long, long time, and it's going to trial. I need it to go to trial.

MR. GEORGE: All I want to is, my client, I believe, is entitled to interlocutory appeal from the Motion for Summary Judgment rulings. We want to be able to exercise the right the legislature gave us to determine if we are right or wrong in the Court of Appeals and get it done. I don't have any objections, if I'm wrong on the law, trying the case, and we are ready to go in January, but we are entitled to whatever the legislature gave us to do, and we want to take advantage of those rights. We don't want to do any other kind of—

THE COURT: It's always interesting when these things get created. I'm supposed to try cases by this time. Then I'm supposed to stop the cases for two years so it can go up on appeal. I have a problem with that. I truly do. I believe the legis-

---

1. This section states:

A person may appeal from an interlocutory order of a district court, county court at law, or county court that: ... (6) denies a motion for summary judgment that is based in whole or in part upon a claim against or defense by a member of the electronic or print media, acting in such capacity, or a person whose com- munication appears in or is published by the electronic or print media, arising under the free speech or free press clause of the First Amendment to the United States Constitution, or Article 1, Section 8, of the Texas Constitution, or Chapter 73.

TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(6) (Vernon Supp.1995).

lature gave us the tools to use when it's appropriate, and I think it's my job as a trial judge to use my discretion in managing my docket to decide when it is not appropriate. And I don't think it's appropriate in this case.

The jury is going to ultimately decide this. And whether they should decide it now or in two years when this case would then be four years old—the case is two years old now. It was first set for trial a year ago November, and now it's been set for trial for January for a long time. And I truly have a problem of waiting for two years in this case for a case to go to trial. The last time I decided, hey, this is a great vehicle the legislature gave me, the case has disappeared into a black hole, and I have not seen it in two years.

. . . .

... This statute is very well done to allow, I think, trial judges who see a situation that needs to be resolved legally before we had to take it to a jury. I understand exactly what the legislature is trying to do, and they are trying to look at our docket and give us tools to do it, and I think it's good in cases. I've done it. I just don't think this is the case where that should apply.

. . . .

MR. GEORGE: With all due respect, I think we have a right to a ruling, because the legislature has created a statute. . . . We think we are clearly entitled to an appeal, and we think we're entitled to a ruling.

Now if I were a king in writing the system, I don't know that I would have passed this statute, but they didn't elect either you or I and put us in that situation, and I'm entitled—

THE COURT: I do not see that the statute—I don't know. You may be right. You may be right. I just never thought about that until you raised it now that that was a possibility. And I just have this thing set for trial for so long, blocked out and cleared on my docket, and, truthfully, I'm not really wanting to create another case that's not going to be tried for two years.

MR. GEORGE: Well, as a lawyer, and with all due sympathy, I'm not sure that this is—how the system works. This case has been very frustrating. **We started trying to get the Motion for Summary Judgment heard in November of '94.**

THE COURT: **A year ago.** And y'all had great difficulty with your scheduling on being in town, and the one day you got here, we ended up spending most of the time on something else, so by the time we got to the summary judgment, we had run out of the six hours we had allotted for you.

MR. GEORGE: We have had two or three hearings. We finally finished last summer.

THE COURT: That's right.

MR. GEORGE: July or sometime, June or July.

THE COURT: That's right. And I will tell you, if I thought this case would go away and should legally go away, and legally there should be a summary judgment granted, I would have done it. . . .

MR. GEORGE: My only request, and I think my client is entitled to a ruling, the statute must mean something, and I think we are entitled to a yes or no.

THE COURT: I think the statute means that if I deny a summary judgment, it can go up by interlocutory appeal. . . .

MR. GEORGE: And the question is, do I have a right to a ruling or not. That has not been passed on by the appellate court.

THE COURT: May not be. Y'all may be the one to go down and try to get it.

MR. GEORGE: Therefore, we think we are entitled to a ruling, and that's all we ask of the Court today, yes or no.

THE COURT: And I think you are entitled to a trial. And that's where I think we are. . . . [I]'m going to trial. And I understand whatever y'all think you have to do, you've got to do. I've got to run my docket.

MR. GEORGE: I understand. And if we think [we] need to see if there is right of mandamus—

THE COURT: That's right. If they want to stop my trial, they can stop my trial, and that's between y'all and them. I think I need to try a case that is ready for trial. No doubt it's ready for trial. Been set for trial a year ago, and y'all just jumped through 99 hoops a year ago to try to get this case tried, and we were so shocked that we found out that you weren't on that court's trial docket. We all thought you were, and the pretrial court, y'all jumped through 99 hoops, and I know we tried to, the staff here tried to, too, to get ready for that November '94 trial setting, and then it turned out we just didn't have good information. And everybody had to go back to the drawing board again. And that's when I guess y'all decided to go to the summary judgment route.

MR. GEORGE: **Nobody has been lacking in diligence.**

THE COURT: **Nobody has. I'm not saying that.** I just got—I've got a case that's more than two years old. I'm going to try it more than two years old..... And I am, in the management of my trial docket, unwilling to say, okay, shelf and dust for this one, and when everybody's minds have faded, let's come back and see where it is.

And that is just truly where I am.

. . . .

MR. GEORGE: We understand. **Obviously, you are not going to rule on the Motion for Summary Judgment.** We will address that issue in whatever [forum] we need to, and you understand we've got clients that want to get rulings and we can go do that.

MR. PALERMO: **What I heard the Court say [is] she's not addressing the summary judgment. She would not rule on it at this time.**

THE COURT: **Right.**

MR. GEORGE: She is going to try the case, and then—

THE COURT: Y'all are assigned to trial as you have been for since whenever, for whatever date that was, figured out some

time in the first week in January, and the case is continued until the time of trial.

(Emphasis added). On December 8, 1995, relators Lee Grant, Home Box Office, Inc., Joseph Feury Productions, Inc., and Time Warner Entertainment Company, L.P. filed a motion for leave to file a petition for writ of mandamus, which we granted.

It is clear from the record of the December 1, 1995 pretrial conference that Judge Wood has refused to rule on the motion for summary judgment for the express purpose of preventing an interlocutory appeal, although her refusal was obviously well intentioned and based on her legitimate concern of not losing a trial setting on a case that apparently was difficult to manage. It is also undisputed that the motion for summary judgment was timely filed, the motion was based on the grounds discussed in Civil Practice and Remedies Code section 51.014(6), and the movants have diligently sought a ruling. We must now decide whether Judge Wood abused her discretion by refusing to rule on the motion for summary judgment.

■ The trial court unquestionably has some discretion in the manner in which it rules on motions, including motions for summary judgment. While an appellate court may not prescribe the manner in which a trial court exercises its discretion, the trial court commits a clear abuse of discretion when it refuses to exercise its discretion to hear and rule on pending motions. *See Cooke v. Millard,* 854 S.W.2d 134, 135 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

■ Relators propose the following abuse-of-discretion standard: It is a clear abuse of discretion for a trial court to refuse to rule on a timely submitted motion for summary judgment when the trial court's express purpose in refusing to rule is to preclude the movant from perfecting a statutory interlocutory appeal. We conclude that this is a correct statement of the law and adopt this standard.[2]

**2.** Hebert, the real party in interest, argues that relators are not entitled to an interlocutory appeal under Civil Practice and Remedies Code section 51.014(6) because the underlying suit was filed before the effective date of the 1993 statute. *See* Act of May 25, 1993, 73d Leg., R.S.,

In order to be entitled to mandamus relief, however, it is not enough for relators to demonstrate only that the trial court committed a clear abuse of discretion—relators must also demonstrate that they have no adequate remedy by appeal. *E.g., Walker v. Packer*, 827 S.W.2d 833, 839–42 (Tex.1992). Relators argue that if the trial court refuses to rule on their motion for summary judgment and thus deprives them of their interlocutory appeal, then there cannot be an adequate remedy by appeal because the interlocutory appeal will be moot after the trial court renders a final judgment. We agree.

■ The legislature in 1993 provided for an interlocutory appeal from the denial of a motion for summary judgment by members of the electronic or print media when the grounds for the motion for summary judgment are based on (1) the free speech or free press clause of the First Amendment, (2) the Texas Constitution article I, section 8, or (3) Civil Practice and Remedies Code chapter 73.[3] The rationale for the statute was to save the time and expense of a trial on the merits when the media may be entitled to a constitutional or statutory privilege. It is readily apparent that (1) relators will forfeit the benefit of this statutory interlocutory appeal if they are required to proceed to trial and (2) any posttrial appellate challenge to the trial court's failure to rule on the motion for summary judgment would be pointless.

We conditionally grant the relators' request for mandamus relief and order Judge Wood before the trial to rule on the relators' motion for summary judgment based on the grounds discussed in Civil Practice and Remedies Code section 51.014(6). We lift the existing stay of proceedings in the underly-

ing suit and deny relators' request for a stay of proceedings pending Judge Wood's ruling.[4] The writ will issue only if Judge Wood does not comply.

O'CONNOR, Justice, dissenting.

I dissent from the denial of reconsideration en banc because I believe the relators are not entitled to an interlocutory appeal.

In 1993 the Legislature enacted TEX.CIV. PRAC. & REM.CODE § 51.014(6), which permits members of the electronic or print media to challenge the denial of a motion for summary judgment when the grounds for the motion are based on (1) the free speech or free press clause of the First Amendment, (2) the Texas Constitution article I, section 8, or (3) Civil Practice and Remedies Code chapter 73.

Section 3 of the legislation enacting section 51.014(6) states:

(a) This Act takes effect September 1, 1993.

(b) This Act shall not apply to any matters in litigation prior to the effective date of this Act.

(c) This Act applies only to the appeal of an interlocutory order from a court if the order was rendered on or after the effective date of this Act. An interlocutory order rendered before the effective date of this Act is governed by the law in effect at the time the order was rendered, and that law is continued in effect for that purpose.

Act of May 25, 1993, 73d Leg., R.S., ch. 855, § 3, 1993 Tex.Gen.Laws 3365, 3366.

The underlying lawsuit was filed on August 11, 1993, and thus the "matter" was in litigation before the effective date of the Act.[1] *See H & C Communications, Inc. v. Reed's*

---

ch. 855, § 3, 1993 Tex.Gen.Laws 3365, 3366 (act effective September 1, 1993). If relators perfect an interlocutory appeal, then this will be a jurisdictional issue to be resolved in that case, but it would be inappropriate for us to reach this issue in the current mandamus proceeding.

3. TEX.CIV.PRAC. & REM.CODE ANN. §§ 73.001–.006 (Vernon 1986).

4. We express no opinion on whether relators would be entitled to temporary orders under TEX.R.APP.P. 43(c) if an interlocutory appeal is eventually perfected.

1. I recognize the issue is more complex than this. Time Warner Entertainment Company, L.P., one of the relators, was not joined as a party until after the effective date of the Act. However, the Act specifically states that it "shall not apply to *any matters* in litigation prior to the effective date of this Act"; the Act does not state that it "shall not apply to *any parties* present in litigation prior to the effective date of this Act." (Emphasis added).

*Food Int'l, Inc.,* 887 S.W.2d 475, 477 (Tex. App.—San Antonio 1994, no writ) (no interlocutory appeal in suit filed before effective date, even though motion for summary judgment was filed after effective date). Therefore, I do not think the relators are entitled to an interlocutory appeal of the denial of the motion for summary judgment, but must wait to raise the legal issue of their constitutional and statutory privileges in an appeal following the rendition of judgment. If the relators are not entitled to an interlocutory appeal, they are not entitled to mandamus.

I would grant reconsideration en banc and deny mandamus relief.

Dissent from denial of reconsideration en banc joined by OLIVER–PARROTT, C.J.