Dismissed and Opinion filed June 20, 2006









Dismissed and Opinion filed June 20, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01054-CV

____________

 

JACQUELINE QUEBE
AND CHARLES QUEBE, Appellant

 

V.

 

CURTISS POPE, Appellee

 



 

On Appeal from the 405th
District Court

Galveston County, Texas

Trial Court Cause No. 03CV1637

 



 

O P I N I O N

Curtiss Pope sued Jacqueline Quebe and
Charles Quebe, alleging defamation and tortious interference with a
contract.  The Quebes filed a motion for
summary judgment, which the trial court denied. 
The Quebes then filed this interlocutory appeal from the denial of the
motion, and Pope filed a motion to dismiss for want of jurisdiction.  Because we are without jurisdiction to
consider the appeal, we dismiss.

Background

Pope is a law enforcement officer with the
Texas City Police Department.  The Quebes
have accused Pope of sexual assault of a minor. 
The record reflects that prior to the making of these accusation, there
was an ongoing personal dispute between Pope and the Quebes.  The Quebes allegedly made the accusations to
numerous individuals and organizations, including the Texas City Police Chief,
the mayor of Texas City, the Galveston County Sheriff=s Office, the
Galveston County District Attorney, the Child Protective Services Division of
the Texas Department of Family and Protective Services, the Texas Attorney
General=s Office, and an
organization called Justice for Children. 
To many of these individuals and organizations, the Quebes provided a
copy of a videotape made of Mrs. Quebe interviewing the child in question.  Several of the organizations investigated the
allegations, but no charges were ever brought against Pope.  Consequently, the Quebes have additionally
alleged that various people have conspired to cover-up the sexual abuse
allegations.

The Quebes also allegedly made the
accusations to several media outlets, including at least two newspapers:  the Texas City Sun and The
Galveston County Daily News.[1]  The Sun apparently followed up on the
accusations by filing a request with Galveston County under the Open Records
Act.  According to Mrs. Quebe=s summary judgment
affidavit, the Sun ran an article on October 14, 2004,

to the effect that
the County would not release information in response to the paper=s request under
the Open Records Act.  The [a]rticle
mentioned that a Alaw enforcement officer is accused of
sexual abuse of a child.@ 
The article does not otherwise identify Curtis[s] Pope or any other
person as being the accused officer.[2]








In his summary judgment affidavit, Pope stated:  AI am aware of an
open records request initiated by the Texas City Sun and/or Galveston Daily
News with regard to the allegations made by Appellants.@

Pope sued the Quebes for defamation and
tortious interference with his employment contract.  The Quebes filed a motion for summary
judgment, arguing, among other things, that their statements were privileged
and protected as free speech under the United States and Texas constitutions.

Although, in his petition, Pope alleges
that the Quebes made false allegations of sexual abuse to the Sun, among
many other individuals and organizations, Pope did not plead any claims based
on the publication of the newspaper article. 
During an exchange before the court, the Quebes= counsel asked
Pope=s counsel whether
his complaints included the fact that the article was published.  Pope=s counsel replied:

I haven=t sued the Texas City Sun.  My complaint is that the material was
disseminated without a complete summary of what had occurred.

. . . .

So, I guess the
answer to your question is yes, I have complaints about the substance of the
article which I blame in part on your client=s failure to
provide a complete summary of what had occurred.

The trial court subsequently denied the Quebes= motion for
summary judgment but did not state the basis for its ruling.  The Quebes now bring this interlocutory
appeal.

Analysis








Unless a statute specifically authorizes
an interlocutory appeal, appellate courts have jurisdiction only over final
judgments.  Cherokee Water Co. v. Ross,
698 S.W.2d 363, 365 (Tex. 1985). 
Generally, a party may not appeal from a trial court=s denial of a
motion for summary judgment because it is not a final judgment.  Frias v. Atl. Richfield Co., 999
S.W.2d 97, 101 (Tex. App.CHouston [14th Dist.] 1999, pet.
denied).  Section 51.014 of the Texas
Civil Practice and Remedies Code authorizes interlocutory appeal from the
denial of a motion for summary judgment under certain circumstances.  Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014 (Vernon
Supp. 2005).  Specifically, subsection
(a)(6) provides that

(a) A person may appeal from an
interlocutory order of a district court, county court at law, or county court
that:

. . .

(6) denies a
motion for summary judgment that is based in whole or in part upon a claim
against or defense by a member of the electronic or print media, acting in such
capacity, or a person whose communication appears in or is published by the
electronic or print media, arising under the free speech or free press clause
of the First Amendment to the United States Constitution, or Article I, Section
8, of the Texas Constitution, or Chapter 73.

Thus, under section 51.014(a)(6), a person who is not
a member of the media must meet two requirements before he or she may appeal
from the denial of a motion for summary judgment in a defamation action.  First, the person=s communication
must appear in or be published by the electronic or print media.  Second, the motion for summary judgment must
be based in whole or in part upon a claim or defense arising under the free
speech or free press clause of the First Amendment of the United States Constitution,
Article I, Section 8, of the Texas Constitution, or Chapter 73 of the Civil
Practice and Remedies Code.[3]








In his motion to dismiss, Pope asserts
that the Quebes= communication did not appear in and was
not published by the media.  We agree.

The Quebes contend that their
communication appeared in the Sun in an article about Galveston County=s refusal to
release information pursuant to the Sun=s open records
request.[4]  Our analysis is, of course, hampered by the
fact that the article in question does not actually appear in the record.  Mrs. Quebe averred that the article mentioned
that a law enforcement officer had been accused of sexual abuse of a
child.  She further stated, however, that
the article did not identify the officer as Pope or anyone else.  Mrs. Quebe did not indicate whether the
article provided any details of the alleged abuse or whether the article
identified the source of the accusations. 
The Quebes were apparently not named. 
Pope was not named.  The specifics
of the allegations were not mentioned. 
Indeed, the article=s focus appears to
be the rejection of the open records request and not the abuse allegation.  The information provided by the Quebes
amounted to no more than unattributed, nonspecific background information for
the article.  Thus, their communication
did not appear in and was not published by the media as those phrases are used
in section 51.014(a)(6).[5]








Interlocutory appeals are forbidden at
common law and exist only at the pleasure of the legislature.  See Ross, 698 S.W.2d at 365.  It is not our proper role to liberally
construe facts so as to expand our interlocutory jurisdiction: in instances not
specifically addressed by statute, we have no authority to create it.  Accordingly, we find that we are without
jurisdiction to consider this interlocutory appeal.

We dismiss the appeal.

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Opinion filed June 20, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Guzman.











[1]  The Sun
and The Daily News merged in November 2004 and are currently published
as The Galveston
County Daily News.





[2]  The actual
article does not appear in the record on appeal.





[3]  Chapter 73
defines the required elements of a libel action as well as certain privileged
matters and defenses for members of the media. 
Tex. Civ. Prac. & Rem. Code
Ann. '' 73.001, .002, .004 (Vernon 2005).  It additionally provides that truth is a
defense in a libel action.  Id. ' 73.005.

The Quebes suggest that section 51.014
should be read as authorizing an interlocutory appeal whenever a motion for
summary judgment is based on Chapter 73, regardless of whether the
communication at issue appeared in or was published by the media.  This analysis is incorrect.  See Rogers v. Cassidy, 946 S.W.2d 439,
443 n.2 (Tex. App.CCorpus Christi 1997, no writ) (stating that Asection 51.014[a](6) only permits interlocutory
appeals in cases where the communication in question appeared in or was
published by the electronic or print media@), disapproved
on other grounds, Huckabee v. Time Warner Entm=t Co., 19 S.W.3d
413, 423 (Tex. 2000); Grant v. Wood, 916 S.W.2d 42, 46 (Tex. App.CHouston [1st Dist.] 1995, no writ) (explaining that
Chapter 73 is one of three sources of defensesCalong with
the constitutional provisionsCthat could trigger interlocutory appeal in defamation
actions).  It is clear from the format of
section 51.014(a)(6) that the listing of Chapter 73 was intended to be treated
the same as the listing of the United States and Texas constitutional
provisions and was not intended as an alternative to the other requirements of
section 51.014(a)(6).  All threeCthe constitutional provisions and Chapter 73Care listed together at the end of the sentence in
question.  Further, if the Quebes were
correct, any time a person alleged truth as a defense to a libel claim, the
denial of that person=s motion for summary judgment would arguably be
subject to interlocutory appeal.  Thus,
any libel defendant could always ensure interlocutory appeal simply by alleging
truth as a defense.  This is not the
intent of section 51.014(a)(6).  See
generally KTRK Television, Inc. v. Fowkes, 981 S.W.2d 779, 784-85 (Tex.
App.CHouston [1st Dist.] 1998, pet. denied) (discussing
intent of section); Grant, 916 S.W.2d at 46 (same).





[4]  The Quebes
contend that we should not be constrained to considering only allegations made
in Pope=s pleadings when considering whether their
communications appeared in the media.  We
agree because, otherwise, a crafty defamation plaintiff could simply avoid
application of section 51.014(a)(6) by careful pleading.  Thus, we will consider the contents of the Sun
article even though Pope did not raise the article as defamatory in his
pleadings.





[5]  What little legislative history
exists appears to support this conclusion. 
See Tex. Gov=t Code
Ann. ' 311.023 (Vernon 2005).  Subsection (a)(6) was added to section 51.014
during the 73rd Legislature.  Act of June
18, 1993, 73rd Leg., R.S., ch. 855, ' 1, 1993 Tex. Gen. Laws 3365, 3366.  As originally proposed, the amendatory
legislation, Senate Bill 76, applied only to members of the media.  Senate Comm. on State Affairs, Bill Analysis,
Tex. S.B. 76, 73rd Leg., R.S. (1993). 
Senator Jim Turner, the bill=s sponsor, offered an amendment that extended application
to persons other than members of the media. 
In a note accompanying the amendment, Turner explained:  AFor example, it would cover persons who have letters or
op-ed pieces published in newspapers or magazines or who express their opinions
on radio or television programs.@  Floor Amendment No.
2 to Tex. S.B. 76, 73rd Leg., R.S. (February 25, 1993).  The bill was passed as amended.  S.J. of Tex., 73rd Leg., R.S. 312
(1993).  Although certainly not
conclusive regarding legislative intent, it appears from Turner=s comment that he would not view
unattributed, nonspecific background information as worthy of the protections
afforded by section 51.014(a)(6).

The Quebes additionally point to
statements made by Pope=s counsel on the record, to the effect that he had
complaints about the substance of the article. 
But Pope=s counsel explained that the underlying nature of his
complaints regarding the Sun article were that the Quebes had not
provided the Sun with a complete summary of events, not that anything in
the article itself was defamatory.