Opinion issued July
28, 2011.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-10-00447-CV

————————————

SAM LEWIS and SHIRLEY
LEWIS, Appellants

V.

Capital one auto finance, inc., Appellee

 



 



 

On Appeal from County Court at Law No. 3

Harris
County, Texas



Trial Court Cause No. 936629

 



 

MEMORANDUM
OPINION

          Appellants,
Sam Lewis and Shirley Lewis, appearing pro se,[1] appeal
a post-answer default judgment rendered in favor of appellee, Capital One Auto
Finance, Inc. (“Capital One”), on its claim for breach of contract and on their
counterclaims.  In seven issues, the
Lewises contend that the trial court erred by (1) failing to file findings of
fact and conclusions of law and asking Capital One to prepare the same, (2) the
manner in which it held trial, granted judgment, and dismissed their
counterclaims, which it then refused to reinstate, (3) refusing to rule on and
grant their motion for summary judgment, (4) refusing to rule on and grant
their other motions, (5) refusing to allow them a trial by jury, (6) allowing
Capital One to continue in the cause of action without curing or pleading in
regards to their special exceptions, lack of standing, lack of jurisdiction,
statute of limitations, waiver, failure of consideration, repudiation, failure
to mitigate, and failure to prove the elements of the cause of action, and (7)
granting damages and attorney’s fees that were not provided for by the contract.  For the reasons stated below, we affirm.

Background

In June 2004, the Lewises purchased a new truck from Sonic
Automotive of Texas LP, doing business as Lone Star Ford, pursuant to an installment-sale
contract.  Under the contract, the
Lewises agreed to make monthly payments for six years.  The contract assigned without recourse the
seller’s interest in the contract to Capital One.

Beginning in August, the Lewises made regular monthly
payments under the contract.  However,
after July 2007, the Lewises stopped making further payments, leaving a
remaining balance of $15,722.21.

In March 2009, Capital One sued the Lewises for breach of
contract and attorney’s fees.  In July,
the Lewises filed their original answer and counterclaims. In October, they
filed their first supplement to their original answer and counterclaims.  Under the caption “Special Exception,” they
asserted that Capital One had failed to (1) plead or address limitations, (2)
plead lack of jurisdiction or venue, (3) clearly define or list the names of
all plaintiffs, (4) prove capacity and standing, (5) prove the elements of the
claims, (6) clearly and completely define or list its claims, or (7) prove the
facts or claims contained in their supplement.

          In October, the trial court issued an
order setting the case for trial on January 20, 2010.  On
December 14, the Lewises filed responses and objections in which they stated,
“The cause of action is scheduled for trial in approximately thirty (30)
days.”  The day before trial, the
Lewises filed an emergency motion for a continuance.

On January 20, 2010, the trial court conducted a bench
trial.  The Lewises failed to appear.  Capital One offered into evidence the
installment-sale contract, the transaction history of the Lewises’ account, and
the affidavit of Capital One’s attorney of record in support of attorney’s
fees.  In his affidavit, Capital One’s
attorney attests that pursuant to sections 38.003 and 38.004 of the Texas Civil
Practices and Remedies Code, reasonable, customary, and usual attorney’s fees
for this case were $3,144.44.

On February 24, the trial court signed the final judgment
against the Lewises, awarding Capital One $15,722.21 in actual damages for
breach of contract and $3,144.44 in attorney’s fees with post-judgment interest
to accrue at 5% per year and disposing of all other claims in this cause of
action, including the Lewises’ counterclaims.

On March 16, the Lewises requested findings of fact and
conclusions of law.

On March 24, the Lewises filed a motion for new trial,
asking whether a secret ex parte nonjury trial took place without their
knowledge.

On April 22, the trial court requested Capital One submit
its proposed findings of fact and conclusions of law.  On April 28, the trial court entered findings
of fact and conclusions of law.  The
trial court found that it had personal jurisdiction over all the parties, that
it had subject-matter jurisdiction over the case, that all the parties were
properly notified of the trial setting, but that the Lewises failed to appear.  The court also found that Capital One proved
the elements of its claim by presenting evidence at the trial and that it
denied the Lewises’ counterclaims due to their failure to appear.  Having considered the Lewises’ motion for new
trial and the subsequent objections and replies, the court also found that
there was insufficient ground to grant a new trial because the Lewises failed
to provide sufficient evidence of a good cause for their failure to appear or
that they had a meritorious defense.

On May 21, the Lewises filed a verified motion to reinstate.  On May 28, the Lewises filed their appeal
with this Court. 

Special Exceptions

In their sixth issue, the Lewises
contend that the trial court erred by allowing Capital One to continue in the
cause of action without curing or pleading in regard to their special
exceptions concerning Capital One’s lack of standing, the lack of jurisdiction,
their defense of limitations, their defense of waiver, their defense of failure
of consideration, their defense of repudiation, their defense of failure to
mitigate damages, and Capital One’s failure to prove the elements of the cause
of action.  However, in the absence of a
written order on a special exception, the special exception is waived.  Gallien
v. Washington Mut. Home Loans, Inc., 209 S.W.3d 856, 862 (Tex.
App.—Texarkana 2006, no pet.); see also
Winfield v. Pietsch, No. 07-09-0261-CV, 2011 WL 336131, at *6 (Tex.
App.—Amarillo Feb. 3, 2011, no pet.) (mem. op.); In re D.C.M., No. 14-06-00844-CV, 2008 WL 4146785, at *6 (Tex. App.—Houston
[14th Dist.] Sept. 9, 2008, pet. denied) (mem. op.).  Because the Lewises failed to obtain a
written order on their special exceptions, they waived their special
exceptions.

We overrule the Lewises’ sixth
issue.

Lewises’ Motions

In their third and fourth issues,
the Lewises contend that the trial court erred by refusing to rule on or grant
their many pre- and post-trial motions, including their motion for summary
judgment.  In support, they proffer two
arguments.  First, they note that Capital
One did not file a response to any of their motions other than their motion for
new trial.  Thus, they contend that their
motions were unopposed and that the trial court should have granted their
motions.  However, the Lewises failed to
provide any argument or citation to legal authority supporting this
conclusion.  See Tex. R. App. P. 38.1(i)
(“[An appellant’s] brief must contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the
record.”).

Second, they contend that a trial
court abuses its discretion by refusing to rule on a motion or objection within
a reasonable time.  See, e.g., Barnes v. State,
832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding)
(“When a motion is properly filed and pending before a trial court, . . . a
trial court must consider and rule upon the motion within what, when all the
surrounding circumstances are taken into account, constitutes a reasonable
time.  . . . [A] trial court has no discretion to refuse to
act.”); see also Grant v. Wood, 916
S.W.2d 42, 45 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding) (citing Cooke v. Millard, 854 S.W.2d 134, 135
(Tex. App.—Houston [1st Dist.] 1992, orig. proceeding)).[2]  Assuming the trial court abused its
discretion by failing to rule, we nevertheless conclude that the Lewises have
failed to show any harm.  A judgment may
be reversed on appeal on the ground that the trial court made an error of law
only if (A) the error probably caused the rendition of an improper judgment or
(B) the error probably prevented the appellant from properly presenting the
case to the court of appeals.  Tex. R. App. P. 44.1(a).  Although they broadly assert that the trial
court’s refusal to rule on their many motions harmed them by causing a judgment
to be rendered against them, the Lewises fail to show that, had the trial court
ruled on their motion, it would have granted their motions.  Additionally, the Lewises fail to show how
the granting of their motions would have lessened the probability of an
improper judgment. 

We overrule the Lewises’ third and
fourth issues.

Manner in Which Court Held Trial and
Granted Judgment

In their second issue, the Lewises
contend that the trial court erred by the manner in which it held the trial and
granted the judgment and by dismissing their counterclaims and failing to
reinstate.  

A.      Default
Judgment on Capital One’s Contract Claim

A default judgment should be set aside and a new
trial granted when the defaulting party establishes that (1) the failure to
appear was not intentional or the result of conscious indifference but was the
result of an accident or mistake; (2) the motion for new trial sets up a
meritorious defense; and (3) granting the motion will occasion no delay or
otherwise injure the plaintiff.  Craddock v. Sunshine Bus Lines, Inc.,
134 Tex. 388, 133 S.W.2d 124, 126 (1939); see
Ivy v. Carrell, 407 S.W.2d 212, 213 (Tex. 1966) (applying Craddock test to post-answer default
judgments).  We review a trial
court’s decision on a motion for new trial for an abuse of discretion.  Cliff
v. Huggins, 724 S.W.2d 778, 778 (Tex. 1987).  

The Lewises offer only one
explanation for their failure to appear at the January 20 trial setting:  They assert that they did not receive
notice.  However, the Lewises have failed
to provide any citation to the record indicating that they did not receive
notice of the January 20 trial setting. 
Likewise, they failed to attach to their motion for new trial any
evidence of their purported failure to receive notice.  Moreover, we note that in their responses and
objections filed on December 14, 2009, the Lewises stated, “The cause of action
is scheduled for trial in approximately thirty (30) days.”  We conclude that the Lewises have failed to
show that their failure to appear was not intentional or the result of
conscious indifference but was the result of an accident or mistake.

B.      Dismissal
of the Lewises’ Counterclaims

A trial court may dismiss a
party’s claims for affirmative relief if the party fails to appear for a
hearing or trial of which the party had notice. 
Tex. R. Civ. P. 165a(1).  “Notice of the court’s intention to dismiss
and the date and place of the dismissal hearing shall be sent by the clerk . . . to
each party not represented by an attorney . . . .”  Id.  “At the dismissal hearing, the court
shall dismiss for want of prosecution unless there is good cause for the case
to be maintained on the docket.”  Id. 
The failure to provide adequate notice of the trial court’s intent to
dismiss for want of prosecution requires reversal if not cured.  Villarreal
v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999).

The Lewises assert that they did
not receive a notice of intent to dismiss and that the trial court never held a
pre-dismissal hearing.  However, the
Lewises have failed to provide any evidence that they did not receive notice of
intent to dismiss.[3]  Rather, in their request for documents to be
included in the clerk’s record, the Lewises referred to a notice of intent to
dismiss signed on February 12, 2010, which stated that the case was set for
March 8, 2010 at 9:30 a.m.  We conclude
that the Lewises have failed to show that they did not receive notice of intent
to dismiss.

C.      Failure
to Reinstate the Lewises’ Counterclaims

A party may file a verified motion to reinstate
within 30 days after the order of dismissal is signed.  Tex.
R. Civ. P. 165a(3).  “The court
shall reinstate the case upon finding after a hearing that the failure of the
party . . . was not intentional or the result of conscious
indifference but was due to an accident or mistake or that the failure has been
otherwise reasonably explained.”  Id. 
We review a trial court’s decision on a motion to reinstate for
an abuse of discretion.  Brown v. Howeth Invs., Inc., 820 S.W.2d
900, 903 (Tex. App.—Houston
[1st Dist.] 1991, writ denied).  

The trial court signed the final
judgment dismissing the Lewises’ counterclaims on February 24, 2010, and the Lewises
filed their motion to reinstate on May 21, 2010.  Because they failed to file their motion to
reinstate by the 30-day deadline, the trial court did not abuse its discretion
by allowing their motion to reinstate to be overruled by operation of law.  See
Tex.
R. Civ. P. 165a(3).  

D.      Capital
One’s Attorney at Trial

Also in their second issue, the
Lewises assert that Capital One did not attend the January 20 trial because
counsel other than Capital One’s attorney of record appeared.  However, the Lewises fail to provide any
citation to the record indicating that the attorney who appeared was not
authorized to represent Capital One.  In
their reply brief, the Lewises note that the reporter’s record does not
indicate that the trial court ever asked the attorney to identify himself.  However, they fail to cite to any legal
authority establishing that the reporter’s record’s silence on this issue
constitutes error.  Moreover, the Lewises
also fail to show how the attorney’s appearance caused them harm—that is, how
it probably caused the rendition of an improper judgment or how it probably
prevented the appellant from properly presenting the case to the court of
appeals.

We overrule the Lewises’ second
issue.

No Trial By Jury

In their fifth issue, the Lewises
contend that the trial court abused its discretion by refusing to allow them a
trial by jury.  They Lewises provide no
argument or citation to legal authority to support this proposition.  We conclude that the Lewises have waived
their first issue for failure to adequately brief.  See
Tex. R. App. P. 38.1(i).

We overrule the Lewises’ fifth
issue.

Findings of Fact and
Conclusions of Law

In their first issue, the Lewises
contend that the trial court erred by failing to file its own findings of fact
and conclusions of law and by asking Capital One to prepare the same.  They further assert that this action hinted
of a possible bias, fraud, and conspiracy. 
According to the Lewises, a trial court has a responsibility to prepare
its own findings of fact and conclusions of law.  However, the Lewises provide no argument or
citation to legal authority to support their assertions.  We conclude that the Lewises have waived
their first issue for failure to adequately brief.  See
Tex. R. App. P. 38.1(i).

We overrule the Lewises’ first
issue.

Award of Damages and Attorney’s Fees
Not Provided for By Contract

In their seventh issue, the
Lewises contend that the trial court erred by granting damages and attorney’s
fees that were not provided for by the contract.  Specifically, the Lewises assert that
prior to signing the contract, they struck out certain terms concerning remedies and the recovery of attorney’s fees
in the event of their default.

The installment sale contract at issue is a form
contract printed on both sides of a long piece of paper.  On the front, the contract displays the
Lewises’ signatures and the material terms of the bargain, including a
description of the vehicle; the amount borrowed; the interest rate; and the
number, frequency, and amount of
payments due.  Also on the front,
immediately underneath the Lewises’ signatures, appears the phrase, “See back
for other important agreements.”  The
terms that the Lewises alleged that they struck out appear on the backside of
the contract, which they attached as an exhibit to their original answer.[4]

However, at trial, Capital
One admitted into evidence only the front side of the contract.  Capital One also admitted a transaction
history for the Lewises’ account, which displayed a remaining balance of
$15,722.21, and an affidavit from its attorney attesting that reasonable, customary, and usual attorney’s
fees for this case were $3,144.44.  The
trial court awarded damages in exactly these amounts.  The Lewises failed to appear, and thus they
offered no contravening evidence. 
Because the purportedly altered terms were not admitted at trial, the
trial court did not erred by awarding damages and attorney’s fees.  

We overrule the Lewises’ seventh
issue.

Conclusion

 

We affirm.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel
consists of Justice Keyes, Higley, and Matthews.[5]











[1]           “We
note that parties who appear pro se must comply with all applicable laws and
rules of procedure and are held to the same standards as are licensed
attorneys.” Douglas v. Williams, No.
01-09-00777-CV, 2011 WL 2499886, at *1 n.1 (Tex. App.—Houston [1st Dist.] June
23, 2011, no pet h.) (citing Mansfield
State Bank v. Cohn, 573 S.W.2d 181, 184 (Tex. 1978); Kanow v. Brownshadel, 691 S.W.2d 804, 806 (Tex. App.—Houston [1st
Dist.] 1985, no writ)).





[2]           We
note that the only legal authorities that the Lewises cite in support of the
proposition that a trial court abuses its discretion by refusing to rule on a
properly filed motion concern the context of a mandamus proceeding, not a
direct appeal, as in the present case. 
They provide no argument or authority to support the proposition that
the same legal standard applies on direct appeal.





[3]           We
note that the Lewises alleged in their verified motion to reinstate that they
did not receive notice of intent to dismiss. 
However, as explained below, the Lewises’ motion to reinstate was not
timely filed. 





[4]           The
copy of the backside of the contract that the Lewises attached to their
original answer appears in pertinent part as follows:

You may have to pay all you owe
at once.  If you break your promises
(default), or if the contract is impaired, we may demand that you pay all you
owe on this contract at once.  You will
be in default if:

·       
You do not pay any amount when
due;

·       
You file bankruptcy, bankruptcy
is filed against you, or the vehicle becomes involved in a bankruptcy.

·       
You allow a judgment to be
entered against you or the collateral; or

·       
You break any of your promises
in this contract.

. . . .

You may have to pay collection
costs.  If we hire an attorney who is
not a salaried employee to collect what you owe; you will pay any reasonable
attorney’s fees plus any court costs and disbursement as the law allows.

Even as supposedly modified,
the contract still provides that the Lewises “may have to pay all you owe at
once . . . [and] may have to pay collection costs.”  Although the contract may not expressly
authorize attorney’s fees, it does not prohibit them either.





[5]           The
Honorable Sylvia Matthews, judge of the 281st District Court of Harris County,
participating by assignment.