**Opinion filed November 19, 2015**



# In The

# Eleventh Court of Appeals

_____

## No. 11-15-00260-CR

_____

## IN RE ERVIN D. WILLCOXSON

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

Relator, Ervin D. Willcoxson, has brought a mandamus action against the Honorable Brooks H. Hagler, Judge of the 259th District Court of Jones County, Texas. He alleges that Judge Hagler has not held a hearing or ruled on a writ of habeas corpus in which he sought a free copy of his trial records so that he could prepare an 11.07 writ for post-conviction relief. Specifically, Relator requests that this court compel Respondent to grant the writ filed with the trial court on August 18, 2015. In his petition for writ of mandamus, he asserts that he is entitled to the following records: (1) a complete set of trial transcripts, (2) any motions filed in the 259th District Court that pertain to this case, (3) witness statements, and (4) police reports. We conditionally grant relief in part and deny relief in part.

On October 29, 2015, we issued an order in which we requested a response from the Real Party in Interest, the State of Texas. We also permitted the Respondent to file a response and indicated that, if we received written notice that Relator's writ had been ruled on, we would deny that portion of Relator's petition for writ of mandamus because that issue would have become moot. We received a response from the Real Party in Interest on November 4, 2015; however, we have not received written notice that Judge Hagler has ruled on Relator's writ.

Mandamus relief is proper only to correct a clear abuse of discretion when there is no other adequate remedy by law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A "trial court commits a clear abuse of discretion when it refuses to exercise its discretion to hear and rule on pending motions." *Grant v. Wood*, 916 S.W.2d 42, 45 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding). As an appellate court, we have the power to compel the trial judge by mandamus to rule on pending motions. *In re Mission Consol. Indep. Sch. Dist.*, 990 S.W.2d 459, 461 (Tex. App.—Corpus Christi 1999, orig. proceeding [mand. denied]).

The trial court's duty to act on a pending motion arises when the movant has brought the motion to the court's attention and the court has had a reasonable time to rule. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). Relator's writ, in which he sought a free copy of his trial record, has been pending in the trial court since at least August 18, 2015. The record shows that Relator attempted to file his writ on July 20, 2015, but the district clerk returned it to him. Under the circumstances of this case, we believe that Judge Hagler has had a reasonable amount of time to rule and has failed to do so; therefore, he has committed a clear abuse of discretion.

In addition to Relator's assertion that his writ has not been heard or ruled upon, Relator specifically asks us to compel Judge Hagler to grant Relator's writ.

2

We deny this portion of Relator's petition because it is premature. *See, e.g.*, *In re Hearn*, 137 S.W.3d 681, 686 (Tex. App.—San Antonio 2004, orig. proceeding) (holding issue was premature because trial court had not yet ruled on the motion to transfer). Here, Judge Hagler has not yet ruled on Relator's writ, and a ruling on the writ could make it possible for Relator to obtain the trial records he desires. In addition, we have no authority to direct the trial court to rule a certain way. *Id.* at 685.

We conditionally grant Relator's petition for writ of mandamus to the extent that we order Respondent to rule on Relator's August 18, 2015 writ in which Relator sought a free copy of his trial records. We deny all other relief requested by Relator. A writ of mandamus will issue only in the event that Respondent fails to comply with our instructions by December 18, 2015.

PER CURIAM

November 19, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3