

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00051-CV

———————————————

IN RE AVALON CARE GROUP, LLC, Relator

---

Original Proceeding
236th District Court of Tarrant County, Texas
Trial Court No. 236-309244-19

---

Before Sudderth, C.J.; Birdwell and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Relator Avalon Care Group, LLC filed this petition for writ of mandamus because—after notice and requests to rule—the trial court has not ruled on Avalon's traditional and no-evidence motion for partial summary judgment that Avalon filed almost a year ago and that the trial court heard on July 6, 2022. We conditionally grant relief.

## Background

Avalon sued real parties in interest Robert Stephenson—individually and in his capacity as executor of the estate of Tonya Powell—and Daniel Mark to recover for ten months of residential care that it had provided to Powell before she passed away. Avalon sought to recover damages under Section 403.059 of the Texas Estates Code and for breach of contract, fraud, conspiracy, and violations of the Uniform Fraudulent Transfer Act. Stephenson countersued for breach of contract, unfair debt collection practices, and fraudulent inducement; he also sought to recover attorney's fees.

On December 23, 2021, the parties agreed to a November 14, 2022 trial setting. On April 6, 2022, Avalon filed a combined traditional and no-evidence motion for partial summary judgment. Avalon argued in its motion that

- Stephenson has no evidence of actual damages to support that element of his unfair-debt-collection-practices claim;

- as a matter of law, Stephenson cannot recover attorney's fees (1) because the former version of Civil Practice and Remedies Code Section 38.001 applies to this lawsuit and under that former version, a limited liability company cannot be liable for attorney's fees and (2) because an indemnity agreement in the contract for Powell's care precludes attorney's fees recovery;

- the same indemnity agreement bars recovery for fraud;

- Stephenson's breach-of-contract claim is barred by the parol-evidence rule;

- Stephenson's breach-of-contract claim and his affirmative defense alleging that Avalon failed to properly treat and care for Powell should be dismissed because they constitute a "health care liability claim" requiring a timely filed expert report, which has not been filed; and

- Stephenson cannot recover exemplary damages for gross negligence under the unfair-debt-collection-practices act because—with no evidence of damages—he cannot recover for an underlying claim under that statute.

In May 2022, Avalon set a hearing on the motion for summary judgment for June 15, 2022. But the hearing was rescheduled for July 6, 2022. In the meantime, Stephenson served Avalon with a third set of interrogatories and requests for production, which are primarily related to Stephenson's claim that Avalon had agreed to a perpetual-care arrangement, as well as communications about and circumstances

surrounding the contract at issue and Powell's stay at the facility. Avalon initially responded to the discovery on July 1, 2022.

At the conclusion of the July 6, 2022 summary-judgment hearing, the trial judge told the parties, "I'm going to have to think about it. Hopefully[,] I'll try to get a decision out to you very quickly." On August 17, 2022, Avalon's counsel sent a letter to the trial court's coordinator, indicating (1) that four proposed orders (one for each challenged claim and the attorney's fees request) he had e-filed had been rejected by the district clerk's office and (2) that he was resubmitting them. He asked, "Would you please present these to [the judge] for his consideration?"

On September 22, 2022, Avalon's counsel wrote a letter directly to the trial judge, with the notation "Via Eserve," referencing the summary-judgment motion, hearing date, and the filing of the four orders and stating, "Plaintiff respectfully requests a ruling on each of these proposed Orders."

That same day, Stephenson filed a motion to compel responses to his third set of discovery. A hearing was set for October 2022, and Avalon amended its responses in November 2022. The original November 2022 trial date was continued, and the parties agreed to a new trial date in May 2023. The trial judge has yet to rule on the motion for partial summary judgment.

## Applicable Law

Mandamus relief is proper only to correct a clear abuse of discretion when there is no "adequate remedy at law, such as a normal appeal." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 304 (Tex. 2016) (orig. proceeding).

A trial court has the inherent authority to control its own docket. *Su Inn Ho v. Univ. of Tex. at Arlington*, 984 S.W.2d 672, 694–95 (Tex. App.—Amarillo 1998, pet. denied). But that inherent authority is not absolute: a trial court abuses its discretion when it refuses or fails to rule on a properly filed, pending motion within a reasonable amount of time after being made aware of the movant's desire for a ruling. *In re M.B.*, No. 02-17-00237-CV, 2017 WL 3996430, at *1 (Tex. App.—Fort Worth Sept. 8, 2017, orig. proceeding) (per curiam) (mem. op.); *In re Harris*, No. 02-17-00142-CV, 2017 WL 2375775, at *1 (Tex. App.—Fort Worth June 1, 2017, orig. proceeding) (mem. op.); *In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding); *see also Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (holding trial court abused its discretion by refusing to conduct a hearing and rule on a motion). Whether the time that has elapsed is unreasonable is fact-specific, *Shredder Co.*, 225 S.W.3d at 679; appellate courts examine criteria such as the trial court's actual knowledge of the motion, whether it has overtly refused to act, the state of the trial court's docket, and whether other judicial and administrative matters must be addressed first. *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748–49 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding).

A relator has no adequate remedy at law from a refusal to rule. *M.B.*, 2017 WL 3996430, at \*2; *Harris*, 2017 WL 2375775, at \*1.

**Analysis**

Here, the motion has been pending for eight months since the hearing date, at which the trial judge expressly told the parties that he hoped to rule quickly.[1] The trial has already been continued once, and a new trial date is imminent. Relator has twice attempted to obtain a ruling on the motion: (1) by e-filing proposed orders and notifying the trial court coordinator, specifically asking for the orders to be brought to the trial court's attention, and (2) by direct correspondence with the trial judge. Additionally, this court's order requesting a response to the mandamus petition—that was also sent to the trial court—included the following: "A written ruling on the pending motion may make this proceeding moot. Thus, if a written ruling on the motion has been or is made before the due date for the response, a copy of the ruling may be provided to this court in lieu of a response." Nevertheless, the trial judge has yet to rule on the motion.

---

[1]*See* Tex. R. Jud. Admin. 7(a)(2), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. ("A district or statutory county court judge *shall* . . . rule on a case *within three months* after the case is taken under advisement . . . ." (emphasis added)); *In re Black*, 640 S.W.3d 894, 897–98 (Tex. App.—Amarillo 2022, orig. proceeding) (per curiam) (noting that delay of at least three months is not per se an abuse of discretion because of Rule 7(a)(2)'s nonbinding nature, but also noting that the rule sets forth the Texas Supreme Court's "aspirational goal[]" for rulings within the larger framework of promoting efficient and effective court management); *see also* Tex. Gov't Code Ann. § 74.024(a) (providing that Texas Supreme Court "may adopt rules of administration setting policies and guidelines necessary or desirable for the operation and management of the court system and for the efficient administration of justice").

We hold that Avalon has shown the necessary prerequisites to obtaining mandamus relief for the trial court's failure to rule. *See Harris*, 2017 WL 2375775, at *1; *In re Dennis*, No. 2-04-167-CV, 2004 WL 1535222, at *1 (Tex. App.—Fort Worth July 8, 2004, orig. proceeding) (per curiam) (mem. op.); *In re Mission Consol. ISD*, 990 S.W.2d 459, 461 (Tex. App.—Corpus Christi–Edinburg 1999, orig. proceeding [mand. denied]); *see also Grant v. Wood*, 916 S.W.2d 42, 43–46 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding) (granting relief from trial judge's refusal to rule on summary-judgment motion in face of imminent trial when judge acknowledged that her denial of motion would have entitled movant to interlocutory appeal).

Real parties in interest argue that the trial court has not ruled because it "saw fit to consider and allow for additional discovery to take place."[2] Real parties' argument ignores the following: (1) none of the requested discovery pertains to whether Stephenson incurred actual damages from Avalon's alleged collection attempts (pertinent to the no-evidence part of the motion); (2) that the attorney's-fees claim is determinable by reference to statute, and the traditional summary-judgment ground on the unfair-debt-collection-practices claim hinges on the no-evidence motion; and (3) that whether certain of the claims are health care liability claims requiring an expert report is a matter of statutory construction, *Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 177 (Tex. 2012).

---

[2]On the other hand, real parties "do not oppose [a] ruling."

Whether the parties must try all of Stephenson's counterclaims or only some of them—and whether Avalon must consider whether it is entitled to, and should, exercise a potential right to interlocutory appeal if the trial court denies its motion regarding whether part of Stephenson's claims amount to a health care liability claim—are questions necessitating a ruling on Avalon's pending motion for partial summary judgment. We therefore hold that the trial court abused its discretion by failing to rule and that Avalon does not have an adequate remedy by appeal. *See In re Greenwell*, 160 S.W.3d 286, 287–88 (Tex. App.—Texarkana 2005, orig. proceeding); *Mission Consol. ISD*, 990 S.W.2d at 461; *Grant*, 916 S.W.2d at 46.

Accordingly, we conditionally grant relief. We order the respondent trial judge to rule on Avalon's April 6, 2022 combined motion for partial summary judgment no later than Monday, March 20, 2023. Because we are confident that the respondent will comply with this directive, the writ will issue only if he fails to do so.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: March 9, 2023