**Opinion issued August 15, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-25-00563-CV**

———————————

**IN RE WEBBER, LLC, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

This original proceeding, in which Webber, LLC petitions for a writ of mandamus, arises out of a motor-vehicle-accident lawsuit.[1] Webber has a contract with the Texas Department of Transportation to build, improve and repair the stretch

---

[1] The underlying case is *Ingrid Bilcic and Romeo Bilcic, Individually and on Behalf of the Estate of Romeo Ivo Bilcic, Deceased v. Webber, LLC, Marcos Prieto d/b/a Prieto's Trucking, and B&D Maintenance, LLC*, cause number 2020-51828, pending in the 164th District Court of Harris County, Texas, the Hon. Cheryl Elliott Thornton presiding.

of highway where the accident took place. In the underlying suit, the plaintiffs allege that Webber, LLC caused or contributed to the accident.

Webber filed a summary-judgment motion in which it argued that it is immune from liability due to its compliance with its government contract. *See* TEX. CIV. PRAC. & REM. CODE § 97.002 (contractor that constructs or repairs highway for TxDOT is not liable for property damage, personal injury, or death so long as it is in compliance with contract documents material to condition or defect that plaintiff alleges caused injury). Texas law is clear that a party may file an interlocutory appeal from an order granting or denying a summary-judgment motion premised on this species of immunity. *Id.* § 51.014(a)(17).

About 11 months ago, the trial court held a hearing on Webber's summary-judgment motion. Despite the passage of time, repeated requests for a ruling, and an approaching trial date, the trial court has not ruled on the motion.

Webber now seeks a writ of mandamus to compel the trial court to rule on its summary-judgment motion. It argues the trial court's failure or refusal to rule within a reasonable time denies it and the other parties their statutory right to an interlocutory appeal concerning Webber's immunity defense. *See id.*

Real parties in interest do not oppose mandamus relief. Instead, they agree that a pretrial ruling on Webber's immunity defense is necessary "in order for the merits of this case to advance to a final resolution."

2

We agree—and we conditionally grant the writ.

## PROCEDURAL BACKGROUND

In October of 2023, Webber moved for summary judgment on the basis of immunity under section 97.002 of the Texas Civil Practice and Remedies Code. This immunity defense is subject to interlocutory appeal per section 51.014(a)(17) of the Code.

On September 25, 2024, the trial court held a hearing on the summary-judgment motion. To date, however, the trial court has not ruled on the motion.

Webber filed a follow-up letter advising the trial court of the need for a ruling on the summary-judgment motion on March 28, 2025. Later, on June 27, 2025, Webber filed a formal motion requesting a ruling on its summary-judgment motion. To ensure that its request for a ruling came to the attention of the trial court, Webber set the motion for submission on July 14, 2025. In both written filings, Webber explained that its immunity defense is subject to interlocutory appeal.

The case was set for trial on August 25, 2025. When Webber filed its petition, it also sought a stay of the trial date, which we granted by separate order.

## DISCUSSION

### Mandamus relief may be available for the failure or refusal to rule on a motion subject to interlocutory appeal.

The general standard for granting mandamus relief is well-settled. To be

entitled to a writ of mandamus, the relator must show the trial court abused its discretion and the relator lacks an adequate remedy at law. *See, e.g.*, *In re Sherman-Williams Co.*, 668 S.W.3d 368, 370, 372 (Tex. 2023) (orig. proceeding).

A trial court's failure or refusal to rule within a reasonable time on a motion that a party has properly presented for a ruling may constitute an abuse of discretion remediable by mandamus. *See In re Mendoza*, 467 S.W.3d 76, 78 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding) (mandamus available to compel trial court to rule within reasonable time on motion properly and timely presented to it); *see also In re Smith*, 263 S.W.3d 93, 96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (motion must be brought to attention of trial court, not merely filed, in order for mandamus relief to be available for failure or refusal to rule on it).

One situation in which a relator lacks an adequate remedy at law is when the trial court's conduct deprives the relator of a substantive right, regardless of the ultimate outcome of the case. *In re Gonzales*, 619 S.W.3d 259, 264 (Tex. 2021) (orig. proceeding). A deprivation of this type can occur when the trial court's failure or refusal to rule on a motion prevents the relator from exercising a statutory right to an interlocutory appeal. *See Grant v. Wood*, 916 S.W.2d 42, 46 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding) (refusal to rule not remediable on appeal because right to interlocutory appeal would be lost due to rendition of final judgment in case).

**Analysis**

**A.     The trial court abused its discretion here by failing to rule within a reasonable time on a summary-judgment motion presenting an issue subject to interlocutory appeal.**

The trial court held a hearing and heard argument on Webber's summary-judgment motion almost 11 months ago. Webber twice requested a ruling from the trial court since then, once by letter and once by motion. Even though the case was set for trial this month and the parties are entitled to file an interlocutory appeal whether the trial court grants or denies the motion, the court still has not ruled on the motion.

What constitutes a reasonable time to rule turns on the facts of a given case. *In re SMS Fin. XV, L.L.C.*, No. 01-19-00850-CV, 2020 WL 573247, at *2 (Tex. App.—Houston [1st Dist.] Feb. 6, 2020, orig. proceeding). Here, the trial court failed or refused to rule on a potentially dispositive summary-judgment motion within 11 months of hearing argument on the motion. And it did so despite an imminent trial setting and despite more than one reminder that the motion remained pending. On this record, that was unreasonable. *See id.* at *2–3 (conditionally granting mandamus as to motion that was pending for more than a year and despite two inquiries as to status of ruling); *In re Baylor Coll. of Med.*, Nos. 01-19-00105-CV & 01-19-00142-CV, 2019 WL 3418504, at *3–4 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (conditionally granting mandamus as to motions to dismiss that

had been heard nine and ten months beforehand and despite several requests for rulings on motions).

The imminent trial setting is of particular significance in this case. It is especially unreasonable to fail or refuse to rule under circumstances that effectively force the parties to trial, thereby depriving them of their statutory right to an interlocutory appeal of the issue that is the subject of the unresolved motion. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(17) (parties may seek interlocutory review of grant or denial of summary-judgment motion filed under section 97.002); *Grant*, 916 S.W.2d at 45 (court committed clear abuse of discretion by refusing to rule for express purpose of precluding interlocutory appeal); *see also In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding) (party was entitled to ruling on partial summary-judgment motion before trial).

We hold that the trial court abused its discretion by failing or refusing to rule on the summary-judgment motion within a reasonable time.

**B.     The relator lacks an adequate remedy at law because the failure to rule on a summary-judgment motion asserting immunity under section 97.002 deprives the relator of a statutory right to an interlocutory appeal.**

As we have noted, Webber is entitled to seek interlocutory appellate review should the trial court deny its summary-judgment motion. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(17). Likewise, the other parties are entitled to seek interlocutory review if the trial court grants Webber's summary-judgment motion. *Id.*

Consequently, if Webber is forced to go to trial without a ruling on this summary-judgment motion, it will have lost its substantive right to interlocutory review of this immunity defense. (So too for the other parties.) For this reason, Webber lacks an adequate remedy at law for the trial court's failure or refusal to rule on its summary-judgment motion. *See Gonzales*, 619 S.W.3d at 264; *Grant*, 916 S.W.2d at 46.

## CONCLUSION

We conditionally grant Webber's petition for a writ of mandamus, and we order the trial court to render a written ruling on Webber's summary-judgment motion within 30 days of the issuance of our opinion. We will only issue the writ if the trial court fails to render a written ruling by the 30-day deadline.

Jennifer Caughey
Justice

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.